Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ELLEN BOWMAN, Respondent, for Compensation under the Workmen's Compensation Law, for the Death of Her Husband, TIMOTHY D. BOWMAN, *v.* JOHN W. GIBSON, Employer, and ROYAL INDEMNITY COMPANY, Insurance Carrier, Appellants.

Third Department, January 5, 1921.

Workmen's Compensation Law — facts should not be incorporated in opinion of Commission — death from pulmonary tuberculosis about one year after fracture of leg — award cannot be sustained solely on presumption of liability under section 21 of Workmen's Compensation Law — claim must be established by legal evidence.

The Industrial Commission should not incorporate in its findings the facts contained in its opinion.

Where it appears that an employee broke his leg in September, 1918, and that after an apparent recovery he did not return to work, but in August,

1919, died from pulmonary tuberculosis, an award based on the presumption under section 21 of the Workmen's Compensation Law is erroneous and should be set aside.

The presumption created by section 21 of the statute does not relieve the claimant from the necessity of establishing his claim by legal evidence and it was, therefore, improper to make an award except on evidence showing that tuberculosis was the result of the accident, and if the Commission could not decide from the evidence that the employee died as a result of the accident it was its duty to dismiss the claim.

It is immaterial on appeal whether or not the evidence was such that the Commission might have found therefrom, as a proper inference, that tuberculosis resulted from the accident, for it is clear that the Commission has not so found but has erroneously relied on a presumption of liability which does not exist.

KILEY, J., and JOHN M. KELLOGG, P. J., dissent, with opinion.

APPEAL by the defendants, John W. Gibson and another, from a decision and award of the State Industrial Commission, made on the 26th day of February, 1920, and also from an award and decision of said Commission made on the 27th day of May, 1920.

*Frank J. O' Neill* [*Barnett Cohen* of counsel], for the appellants.

*Charles D. Newton*, Attorney-General [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

COCHRANE, J.:

The injured employee broke his leg September 10, 1918. He was taken to a hospital where he received treatment for ten days. He was then taken home and there received medical treatment for the fracture for a period of eight or ten weeks. He had then apparently recovered and medical observation ceased. He did not, however, return to his work. Two or three weeks previous to August 7, 1919, a physician was called who discovered that the employee was suffering with pulmonary tuberculosis, from which disease he died on the date last mentioned. The claim is resisted on the ground that no causal relation has been established between the accident and the death of the employee.

The Commission has followed the objectionable practice of incorporating in its findings the facts contained in its opinion. That practice was condemned in *Matter of Lorchitsky*

v. *Gotham Folding Box Co.* (230 N. Y. 8). Turning to the opinion, therefore, as we are required to do in order to find out what the Commission decided, we find a very brief discussion of the medical testimony, concluding with this statement by the Commissioner writing the opinion: " I think this is a case that must follow the presumption of section 21 of the law and I direct an award." The opinion was adopted as the opinion of the Commission.

If this opinion means anything it means that the Commission could not determine from the evidence that the tuberculosis was the result of the accident and that in making the award the Commission relied on a presumption supposed to be created by section 21 of the Workmen's Compensation Law. The Commission had no right to rely on such presumption. It has been so frequently held both by the Court of Appeals and by this court that the presumption created by that section does not relieve the claimant from the necessity of establishing his claim by legal evidence that the citation of those decisions would be superfluous. However, one of the most recent decisions to that effect is the case above cited. If the Commission could not decide from the evidence that the employee died as a result of the accident it was its duty to dismiss the claim. It is immaterial on this appeal whether or not the evidence was such that the Commission might have found therefrom as a proper inference that the tuberculosis resulted from the accident. The Commission makes it clear that it has not so found but has erroneously relied on a presumption of liability which does not exist.

The award should be reversed and the proceeding remitted to the Commission.

All concur, except KILEY, J., dissenting, with an opinion, in which JOHN M. KELLOGG, P. J., concurs.

KILEY, J. (dissenting):

On September 10, 1918, claimant's intestate was engaged in his regular business in New York city, driving a truck on one of the streets of said city; one of the wheels struck a hole, the impact threw the driver to the street causing a transverse fracture of the shaft of the right tibia. He was

taken to the hospital at once; his leg bled profusely; he remained in the hospital until September 20, 1918, when he went home; the wound had not healed, but did not show any signs of infection. He was treated at home by a physician for eight or ten weeks. He does not seem to have had any regular treatment after that until August, 1919. He was unable to work all of that time, and, after a while, before August, 1919, he grew thin and weak, and walked with a crutch or cane; he was poor, had four children and the wife had to go out to work. The physician called about August, 1919, found him in an advanced stage of tuberculosis. He died August 7, 1919. The above was given as the cause of death; much evidence was given upon the question as to whether the injury had any relation to the disease from which he died. The Commission found, in effect, that such injury did lower his resisting power and vitality; that a dormant tubercular condition was lighted up; and that the pulmonary tuberculosis from which he died was the direct result of his injuries sustained when he fell from the truck to the street. He had never had any symptoms of tuberculosis that any one had discovered previous to about August, 1919. He had never been sick. He was thirty-seven years old and had always worked. The widow and minor children were awarded compensation. The insurance carrier resists the payment of this award upon the single ground that the disease from which claimant's intestate died is not traceable, in any way, to the injury which was admittedly sustained. The facts in the opinion by one of the Commissioners are incorporated in the conclusions of fact; he bases the right to an award upon presumptions, which he claims is permissible under section 21 of the Workmen's Compensation Law. In order to make applicable section 21 of the Workmen's Compensation Law, it must first appear that there was an accident arising out of and in the course of the employment and incidental to such employment, and that an injury resulted therefrom. (See Workmen's Compensation Law, § 10; Id. § 3, as amd. by Laws of 1917, chap. 705.) If the injured party, after the apparent recovery from the specific injury, or while he is making an apparently good recovery from such injury, dies or has his earning powers diminished by reason of some or any of the diseases or

ills to which humanity is heir, it must then appear that the injury activated or set in motion the germs which are the basis of that particular disease. The Commission has found that the injury " so lowered his resisting power and vitality that a dormant tubercular condition was lighted up so as to cause him to die from pulmonary tuberculosis." The insurance carrier complains that there is no evidence in the record to sustain such finding in that no evidence was given before the Commission showing that " a dormant tubercular condition " existed before the injury. The first requirement to make applicable section 21 is met; there was an accident arising out of and in the course of employment and incidental thereto, and injury was had. It further appears that this man was strong and healthy before the accident, worked every day and supported a large and growing family; never known to cough or show any sign of lung infection; that by reason of this injury he was deprived of his exercise and former physical activity, and that after a few months he grew very thin and very weak. The medical testimony shows that there was a profuse hemorrhage at the seat of the injury and that seems to have been considered important in reaching a conclusion on the disputed point. The attending physician got the history between the time he first treated him and his final treatment just before death; it was to the effect that he caught cold and had some pain in both lungs. In his report he says the cause of death did not relate back to the injury. Upon his examination he says that the patient's general condition was lowered by reason of the accident and put him in a condition (physically) where he was liable to infection, and that the fracture, such as he had, was a serious matter, even after it had apparently healed. The next or second physician called says he does not think there was any causal relation between the accident and the disease and explains that in order to develop tuberculosis three factors are absolutely necessary, viz.: *First,* the proper soil for the inception of the bacilli; *second,* the bacilli; and *third,* the exciting cause, and seems to base his conclusion of no causal relation upon the fact that the dormant tuberculosis, in his opinion, would have developed sooner than it did in this case. The last doctor called, answering a hypothetical question, said that

the injury of itself could not be a competent producing cause. On cross-examination he says the factors appearing in this case are devitalizing immediately only; and he was then asked, if the germs of tuberculosis were present and dormant, at the time of the injury, he would not have expected the disease to develop in a shorter time following the injury, than the evidence discloses, to which he answered: " I don't know whether it would or not." Dr. Lewy was then examined, Dr. Oliver asking him this question, " Assuming this man had a latent tuberculosis, what was the cause of the acute exacerbation? " Ans. " From a fracture, it could have been a thrombus dislodged from the site of the fracture — he had quite a hemorrhage. It could have, been his being detained in the house and lack of exercise in a young man, and lowered vitality."

It is said that the findings in this case offend against the rule laid down in *Matter of Lorchitsky* v. *Gotham Folding Box Co.* (230 N. Y. 8) in that the Commission in its findings of fact refers to the opinion of one of the Commissioners. I have no quarrel with the rule that indicates to the Commission that this court will not sustain an award where the opinion of one of the Commissioners is incorporated in the decision as the basis of any of its findings, and that it must make findings of fact and conclusions of law, independent of any such opinion, to have such award sustained. It seems to me that this case differs, in that regard, from the *Lorchitsky Case* (*supra*). Here the Commission does not attempt to incorporate the opinion, but has made separate and complete findings of fact, aside from the opinion of the Commissioner, and then states as an addition that " the facts contained in the opinion of Commissioner * * * are to be made part of the conclusions of fact herein." The statement made by the Commissioner in his opinion that " I think this is a case that must follow the presumption of section 21 of the law and I direct an award," is not a statement of fact and of course is not incorporated in the award. The findings of fact in this case, made by the Commission upon the evidence, are very full, while the opinion in question merely recites a part of the evidence. An award cannot be based upon a presumption under section 21, if there is no evidence upon which it can

operate; but if there is evidence for and against the contention of the claimant, I understand the Commission may then resort to section 21. There were specific findings of fact here, made upon the evidence, and upon evidence of probative force. The evidence shows causal relation between the injury and the disease that finally proved fatal to claimant's intestate.

The award should be affirmed.

JOHN M. KELLOGG, P. J., concurs.

Award reversed and matter remitted to the Commission.