## THIRD DEPARTMENT, NOVEMBER, 1922.

Before STATE INDUSTRIAL BOARD, Respondent.

LILLIAN VANDERSLICE, Claimant, Respondent, *v.* LOUIS YOUNG and Another, Appellants.

*Workmen's compensation — infection of hand of oyster opener which developed into cancer — findings of State Industrial Board as to death from hemorrhage of jugular vein, conclusive.*

Appeal from an award of the State Industrial Board, made on the 5th day of January, 1922.

Award affirmed on the ground that the proof made an issue of fact as to the cause of death, and the findings of the State Industrial Board upon that issue in favor of claimant are conclusive, with costs in favor of the State Industrial Board. H. T. Kellogg, Acting, P. J., Kiley and Van Kirk, JJ., concur; Hasbrouck, J., dissents, with an opinion, in which Hinman, J., concurs.

HASBROUCK, J. (dissenting): This is an appeal from an award of the State Industrial Board for compensation to the widow of a deceased employee. The husband, John S. Vanderslice, was employed by Louis Young as an oyster opener in an oyster and fish market at Rochester, N. Y. In the use of a knife, while pursuing his employment of opening oysters, he developed a callous on the palm

of one of his hands upon which there appeared a blister. The blister was about a week in coming. It broke on the ninth of November. The hand started to swell on that night. He was attended by Dr. Campbell who found an infection deep in the hand; so deep that he went half way through it in excising pus. Dr. Campbell attended him about four times and as a result the drainage lessened so much that the doctor felt the patient could take care of himself. Vanderslice went back to work on December 11, 1919. His hand, however, remained very sore and his wrist weak. This was its condition on February sixteenth, when a hearing on his application for compensation to the Industrial Board was first had. During the month of March the claimant told Dr. Graham that a red streak ran up his arm from his wrist to the arm pit. His widow swore that she saw this red streak. In the month of May Dr. Graham found a small lump at the side of his neck and the glands became infected and began to swell. This condition became so pronounced that on July twenty-sixth Dr. Graham operated on his neck and evacuated four ounces of pus. The cavity after the evacuation showed itself to go clear below the jugular corpuscle. An examination of his throat revealed a cancerous condition of the glands and a small cancer at the base of his tongue and another on his tonsil. The doctor clipped a small piece from the base of the tongue for examination. After the operation the condition of the patient became worse and he had a succession of hemorrhages until he finally died on the twenty-ninth of August, of hemorrhage from the jugular vein caused by the extension of the disease. Several doctors were called to give their opinion as to whether the injury would cause, or contribute to cause, the death of Vanderslice. Dr. Louis K. Metzger, who treated him during his last illness, swore in answer to certain questions as follows: " Q. Do you think, then, that an infection of the hand caused by an injury of the previous November was a contributory cause to the deceased's death? A. That is what I thought, yes. I think so. Q. You still think so, do you? A. Yes, because I could not find any other causes, eliminating all other causes with the exception of that one which I could think of, that would be one of the cases, and I should imagine that was the cause. Q. Would you go as far as to say that the deceased might be alive to-day, possibly, if he had not secured that infected hand the year previous? A. That is, of course, he could have died from other causes, but that was to my mind the main cause of his death." Dr. George T. Graham testified: " Q. And have you formed any opinion as to whether or not there was any connection between that injury and the malignant condition which you found, or irritation, on July twenty-sixth? A. Why, in that it was a primary force which reduced the man's vitality so it enabled the malignant condition to develop there. Q. Do you think there was a real or direct connection between that injury and the subsequent cause of his death? A. * * * It seems in March he had a red streak present itself one day extending from the palm to the arm pit * * *. Q. What would that indicate, doctor? A. That would indicate that there was an infection in his hand, had not been entirely eradicated, some germs had become capsulated and laid dormant for a time and finally had stirred up trouble again. * * * Q. Do you think then this injury caused his death? A. I think it caused his run-down condition, and that the malignant condition developed thereafter on that account." Dr. William Sutherland in an examination by Mr. Wynkoop for the carrier, testified: " Q. Will you positively state, then, doctor, that it [referring to the cancer]

could not be caused from infection of the hand? A. Well, I would not state that, because nobody knows the absolute cause of it." It further appeared by the testimony of Mrs. Vanderslice that her husband prior to his accident was a robust and healthy man. On this evidence the Industrial Commission found as a fact that " As result of the irritation and inflammation caused by the infection produced by the injury, a cancer developed in the said glands, and spread to his tongue and tonsils * * * and on August 29, 1920, he died as a result of a hemorrhage from the jugular vein; said hemorrhage being caused by the said cancer, but the proximate cause of death was the injury that he received on November 10, 1919." The appellant challenges the correctness of the above finding of the State Industrial Board upon the ground that there is no evidence to sustain it. The nature of the disease of cancer is not known to the physician. He recognizes its appearances, its development, its arrest under surgical or other treatment or its continuance to the death of the afflicted one. The medical profession have observed, and it is a fact, that cancer locates itself in some cases at the site of an injury. There is no evidence in the case that cancer locates itself at any other place in the human anatomy as the result of an injury. Here the injury was in the palm of the hand. There is no evidence that there was any cancerous condition of the hand. Thus there is nothing to support the opinions of the witnesses that Vanderslice's cancer of the glands in the neck came from the injury to his hand. The doctors all concede the mystery of cancer. They do not know the etiology of it. Hence they are unable to say what causes it except as it appears at the place of an injury. Admittedly their views on that subject are matters of speculation. It has long been the rule in the science of the law that no decision should be suffered to rest upon a mere guess or speculation. The rule in this State has long been that where two causes concur in producing an injury, for one of which a defendant was responsible and for one of which he was not, the jury could not be permitted to speculate as to which was the actual cause. (*Taylor v. City of Yonkers*, 105 N. Y. 209.) Where cancer is the alleged result of an injury the trial forum should much less be permitted to speculate since the causes of it, except as it follows trauma, are unknown. Speaking on the subject of cancer, Mr. Justice Woodward said: "We are unable to discover any evidence upon which a finding can legitimately be based that the cancer was a result naturally and unavoidably flowing from the injury received. The whole matter is speculative. Medical science, as voiced by the claimant's own witness, frankly says that it has not yet found out the cause of cancer." (*Schapiro v. Wanamaker*, 197 App. Div. 810.) The same principle has been invoked in tuberculosis cases. (*Bowman v. Gibson*, 194 App. Div. 855.) I think there are not sufficient facts to base a finding of responsibility upon the employer and insurance carrier in this case. To take the money of the employer and award it to the claimant under the evidence presented, would be such a departure from fixed legal principles as to suffer justice to rest on the unsubstantial rather than on a solid foundation. The award should be set aside. Hinman, J., concurs.