CHASE, CUDDEBACK, CARDOZO and SEABURY, JJ., concur; HISCOCK and HOGAN, JJ., dissent.

Judgment of conviction affirmed.

---

In the Matter of the Claim of DANIEL COSTELLO, Respondent, v. GEORGE C. TAYLOR, as President of the AMERICAN EXPRESS COMPANY, Appellant.

Workmen's Compensation Law — construction of provision covering injuries of employees engaged in operating wagons and other vehicles drawn by horses or mules — injury to stableman employed by express company.

The Workmen's Compensation Law (Cons. Laws, ch. 67; L. 1914, ch. 41) provides compensation for injuries sustained by employees engaged in "the operation, otherwise than on tracks, on streets, highways, or elsewhere, of cars, trucks, wagons or other vehicles

\* \* \* drawn by horses or mules " (Section 2, group 41). It is the *business of operating wagons* drawn by horses that is intended to be covered by the act and not the mere steering of a wagon or handling the reins while driving a horse attached to a wagon. Hence a stableman, employed and engaged in his work as such in the stable of an express company, who was injured by a horse slipping and falling on him while taking it from a stall, was engaged in a hazardous employment and is entitled to compensation for the injuries so received.

*Matter of Costello,* 169 App. Div. 905, affirmed.

(Submitted January 11, 1916; decided February 1, 1916.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 4, 1915, which affirmed an award of the state workmen's compensation commission.

The facts, so far as material, are stated in the opinion.

*Edwin D. Bechtel* for appellant. The plaintiff's employment was not such as to bring his claim within the provisions of the Workmen's Compensation Law. (*G., H. & N. Ry. Co.* v. *Cochran,* 49 Tex. App. 591; *Gaffney* v. *Ry. Co.,* 127 Wis. 113; *Malone* v. *B., C. R. & N. Ry. Co.,* 65 Iowa, 417; *Eau* v. *C., M. & S. P. Ry. Co.,* 95 Wis. 69; *C., K. & W. R. R. Co.* v. *Pontius,* 157 U. S. 209.)

*Egburt E. Woodbury, Attorney-General (E. C. Aiken* of counsel), for respondent. The taking care of horses is incidental to the operation of wagons and other vehicles drawn by horses. (*S. L. & S. W. Ry. Co.* v. *Thornton,* 146 Tex. App. 649; *S. L. & S. F. Ry. Co.* v. *Bussong,* 40 Tex. App. 476; *Callahan* v. *St. L., M. B. T. Ry. Co.,* 170 Mo. 473; *Pidgeon* v. *E. Ins. Corp.,* 102 N. E. Rep. 932.)

CHASE, J. The American Express Company is an unincorporated association, consisting of more than seven members, and is engaged in the express business in the

city of New York and other places.   In its business it operates wagons drawn by horses on streets and highways. It maintains a stable in said city, where its horses are kept, and at said stable the claimant on July 15, 1914, while employed by said company as a stableman and engaged in his work as such, took one of its horses out of a stall and as he did so the horse slipped and fell on him, causing injuries for which compensation has been allowed under the Workmen's Compensation Law.   The only question involved on this appeal is whether the claimant was engaged in one of the hazardous employments enumerated in the Workmen's Compensation Law at the time of the injuries.

The Workmen's Compensation Law (Cons. Laws, ch. 67; L. 1914, ch. 41) provides compensation payable for injuries sustained by employees engaged in specified hazardous employments.   Among the employments so specified is "The operation, otherwise than on tracks, on streets, highways, or elsewhere of cars, trucks, wagons or other vehicles, and rollers and engines, propelled by steam, gas, gasoline, electric, mechanical or other power or drawn by horses or mules."   (Section 2, group 41.)

It is conceded that the employees of the American Express Company while actually engaged in driving horses drawing express wagons are entitled to the benefit of the Workmen's Compensation Law.   It is claimed, however, that the benefit of the Workmen's Compensation Law does not extend to injuries incurred by men employed in the care of the horses that are used for the purpose of drawing its wagons or other vehicles.   Incidental to the operation on streets, highways or elsewhere, of wagons drawn by horses, is the attendance upon horses when attached to wagons but not actually moving with them; harnessing and attaching the horses to the wagons; removing them therefrom and placing them and the wagons in the stable, and providing care for and attendance upon the horses while therein.   It is the *business of*

*operating wagons* drawn by horses that is intended to be covered by the act and not the mere steering of a wagon or handling the reins while driving a horse attached to a wagon. If the appellant's claim be sustained in its entirety, its employees will not be entitled to recover for injuries sustained when a wagon is not moving, or at any time in connection with the employment other than when an employee is actually engaged in steering or operating the wagon or perhaps driving a horse attached to a wagon or vehicle. Such a construction would be narrow and restricted and not in accordance with the spirit of the act. The extent to which a person can be said to be employed in the business of operating an express wagon within the meaning of the act, can be better appreciated by assuming that one person is employed to care for a particular horse at the stable and in fastening him to the wagon, driving him when actually engaged in the delivery of express packages and in the return of the horse and wagon to the stable, placing them therein and providing the feed and care for such horse until he is used again to draw the wagon for the delivery of express packages. Such employment of a man would in all its parts be fairly included in the operation on streets, highways or elsewhere of wagons or other vehicles drawn by horses or mules. It seems quite clear to us that the statute was intended to cover an employee so engaged and that the operation of the wagon includes such attendance upon and care of a horse as is necessary to constitute a practical business. An express wagon driver in all of the work of such driver, as such work is commonly understood, should be deemed included in and protected by the terms of the statute.

We do not see that a distinction should be made among the men employed in the practical business of operating express wagons even if part of the duties in such operation is required of one man and part of another. The stableman should be deemed within the act if the driver

of an express wagon, acting as his own stableman, would in all his work be included therein.

The order of the Appellate Division should be affirmed, with costs.

Willard Bartlett, Ch. J., Cuddeback, Cardozo, Seabury and Pound, JJ., concur; Collin, J., concurs in result.

Order affirmed.