In the Matter of the Claim of BENJAMIN LORCHITSKY, Respondent, against GOTHAM FOLDING BOX COMPANY et al., Appellants.

THE STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law — evidence — what evidence required to establish presumption that injuries of claimant arose out of and in course of the employment — findings by industrial commission — opinion of commission not properly part of findings — when evidence insufficient to sustain award.**

1. It is not the law that mere proof of an accident without other evidence creates the presumption under section 21 of the Workmen's Compensation Law (Cons. Laws, ch. 67) that the accident arose out of and in the course of the employment.  On the contrary, it has been frequently held, directly and indirectly, that there must be some

evidence from which the conclusion can be drawn that the injuries did arise out of and in the course of the employment.

2. The statute requires the commission to make findings of fact, and this contemplates a more precise and decisive statement of the facts than is apt to be found in an opinion which discusses in a general way the various features of the claim and weighs the evidence upon the hearing.

3. Where the findings, proper, merely state, as a finding, a conclusion that while claimant was in the regular course of his employment he received certain injuries and that these injuries arose out of and in the course of his employment, and it appears from the opinion of the commission, made a part of the findings, that it has simply been found that the claimant's injuries resulted from one or the other of two causes, the award cannot be sustained, unless each of the two causes was of such a character as would authorize and justify the award.

4. It appears from such opinion that, while claimant was engaged in his work, an outsider offered to assist him and against claimant's objection attempted so to do; that such outsider, resenting epithets used by claimant, struck him several blows; that some time thereafter and while claimant was engaged in his work, he fell to the floor, his fall, so far as appears, not being caused by anything then connected with his work; and that after these two occurrences — the assault and the fall — the claimant had the injuries complained of; but there are no findings which indicate that such fall was in any manner connected with or incidental to the employment and there are statements in the opinion which would seem to indicate that it was more liable to have resulted from a diseased condition of the claimant in. no wise connected with or resulting from his employment. *Held,* that, under these circumstances, if claimant's injuries resulted from the fall, as it must be assumed they did, the findings do not justify the conclusion that they arose out of his employment, and hence that no award could properly be made therefor.

*Matter of Lorchitsky* v. *Gotham Folding Box Co.,* 190 App. Div. 923, reversed.

(Argued October 12, 1920; decided November 16, 1920.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 14, 1920, *unanimously* affirming an award of the state industrial commission made under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*M. Linn Bruce* and *William Warren Dimmick* for appellants. The specific circumstances, included in the findings, which gave rise to the injuries in this case, show that there was no accident and that the injuries sustained by the claimant did not arise out of his employment and as a natural incident of his work. (*Matter of McInerney* v. *B. & S. R. R. Corp.*, 225 N. Y. 130; *Heitz* v. *Ruppert*, 218 N. Y. 148; *Griffin* v. *Roberson & Son*, 176 App. Div. 6; *De Filippis* v. *Falkenberg*, 170 App. Div. 153; 219 N. Y. 581; *Pierce & Boyer* v. *Van Kueran L. & C. Co.*, 156 N. W. Rep. 509; *Walter* v. *American Paper Co.*, 99 Atl. Rep. 263; *Fowler* v. *Reisdorph Bottling Co.*, 175 App. Div. 224; *Moore* v. *Lehigh Valley R. R. Co.*, 169 App. Div. 177; *Matter of Woodruff* v. *Howes Const. Co.*, 228 N. Y. 276.) The conclusion of the commission that the claimant's injuries arose out of his employment and were received as a natural incident of his work is not justified by the facts found. (*Matter of McInerney* v. *B. & S. R. R. Co.*, 225 N. Y. 130; *Glatzl* v. *Stumpp*, 220 N. Y. 75; *Matter of Heitz* v. *Ruppert*, 218 N. Y. 148; *Stillwagon* v. *Callan Bros.*, 183 App. Div. 141.)

*Charles D. Newton*, Attorney-General (*E. C. Aiken* of counsel), for respondents. The assault upon the claimant arose out of and in the course of his employment. (*Heitz* v. *Ruppert*, 218 N. Y. 148; *Carbone* v. *Loft*, 219 N. Y. 579; *Sassano* v. *Praino*, 226 N. Y. 699; *Verschleiser* v. *Stern & Sons*, 229 N. Y. 192.) The findings of fact support the conclusion of law that the claim comes within the provisions of the Workmen's Compensation Law. (*Green* v. *Roworth*, 113 N. Y. 462.)

HISCOCK, Ch. J. A substantial award was made to the claimant because of injuries received by him while

in the employ of the appellant box company. It is insisted by appellants that while these injuries arose in the course of his employment, they did not arise out of it. Since the award has been unanimously affirmed we are confined in a consideration of this claim to the facts as found by the commission.

At the outset of our consideration we encounter a practice by the commission which we regard as unfortunate. This is the one of incorporating the *opinion* written by the commission as part of the *findings*. The statute requires the commission to make findings of fact and this contemplates a more precise and decisive statement of the facts than is apt to be found in an opinion which discusses the general features of a claim, the conflicting contentions of the parties, and the nature of the evidence tending to support those claims. As is illustrated in the present proceeding, a discussion which is entirely appropriate as a means of reaching and justifying the conclusions of a trial court, is apt to be very unsatisfactory as a statement of the final and material facts which are found to have been established.

The findings proper state that while claimant was in the regular course of his employment he received certain injuries and that these injuries arose out of and in the course of his employment. This latter statement is a mere conclusion and an award ought not to rest upon so general and inadequate a basis. But further than this the findings then state that his injuries were sustained as set forth in the opinion of the commissioner writing in the case " which is adopted herein as if set forth in full." We, therefore, are not only permitted but required to turn to this opinion in the endeavor to find out what did happen to the claimant and to ascertain how his injuries arose.

It appears therefrom that while claimant was engaged in his work an outsider offered to assist him and notwithstanding claimant's rejection of his offer he attempted

to do so.  He bungled his work and thereupon claimant applied an opprobrious epithet to him.  This the stranger resented by striking the claimant several blows.  Sometime thereafter while claimant was engaged in his work he fell to the floor, his fall, so far as appears, not being caused by anything then connected with his employment. After these two occurrences — the assault and the fall — were over, the claimant had the injuries complained of and the commissioner writing the opinion proceeds to a discussion of the facts in the attempt to decide which caused the injuries.  In the end, however, he does not decide this question but simply reaches the conclusion that the injuries resulted from either one cause or the other, being of the opinion that it was unnecessary to determine which was the cause because where " there is distinct proof of an accident section 21 of the Compensation Law raises the presumption that it arose out of and in the course of the employment."

This view of the law was erroneous and did not furnish any excuse for not determining which of the two causes resulted in claimant's injuries.  It is not the law that mere proof of an accident without other evidence creates the presumption under section 21 of the Workmen's Compensation Law (Cons. Laws, ch. 67) that the accident arose out of and in the course of the employment.  On the contrary, it has been frequently held, directly and indirectly, that there must be some evidence from which the conclusion can be drawn that the injuries did arise out of and in the course of the employment.  (*Matter of Eldridge* v. *Endicott, Johnson & Co.,* 228 N. Y. 21; *Matter of Woodruff* v. *Howes Const. Co.,* 228 N. Y. 276; *Matter of Hansen* v. *Turner Const. Co.,* 224 N. Y. 331; *Matter of Belcher* v. *Carthage Machine Co.,* 224 N. Y. 326.)

Therefore, treating this opinion as stating findings of fact, as we are required to do by the action of the commission, we have it that it has simply been found that the claimant's injuries resulted from one or the other of two

causes, and it is too well settled to require citation of authorities that such alternative findings are insufficient to sustain the award which has been made unless each of the two causes was of such a character as would authorize and justify it.   That is not the case.

There is some difference of opinion amongst the members of the court whether the assault committed upon the claimant was so connected with and incidental to his employment that it would justify an award.   In view of the fact that a new hearing must be had we shall not attempt now finally to decide this question, but leave it to be decided hereafter if it becomes necessary on the evi-. dence as it may then be presented to us.   We are all agreed, however, that if the injuries resulted from claimant's fall there were no findings which indicated that such fall was in any manner connected with or incidental to the employment.   In fact some of the statements contained in the opinion would seem to indicate that it was more liable to have resulted from a diseased condition of the claimant in no wise connected with or arising from his employment. Under these circumstances, if claimant's injuries resulted from the fall, as for the purpose of testing the award we must assume they did, the findings do not justify the conclusions that they arose out of his employment and no award could properly be made therefor.   (*Matter of Hansen* v. *Turner Const. Co.,* 224 N. Y. 332.)

Therefore the order and award must be reversed and a new hearing granted, with costs to abide the event.

ELKUS, J. (dissenting).   Benjamin Lorchitsky, the claimant, was employed by the Gotham Folding Box Company as a packer and general helper on March 11, 1918.   On that day he was carrying bundles of cardboard from the sidewalk in front of his employer's premises, loading them on the elevator to be carried upstairs. While thus engaged, one Matrullo, a stranger, offered to assist in his work.   The claimant refused his services,

but Matrullo insisted upon carrying a bundle, and while so doing, the cord fastening the same broke. Thereupon, the claimant called Matrullo vile names and Matrullo, without any further cause, struck the claimant several times. The claimant continued his work for nearly an hour, when walking in the premises of his employer, carrying another bundle, he suddenly fell down and became unconscious. No one saw him fall and whether he tripped on an obstacle or not is not known and he is apparently unable to tell. It is conceded that the claimant is afflicted with paralysis of the right side of the face and upper and lower limbs.

The industrial commission has found that he received injuries consisting of a fractured jaw and that such injuries were received while in the course of his employment. An opinion was written by one of the commissioners after hearing the testimony and this opinion had been specifically made a part of the award, which has been made in favor of the claimant. The industrial commission unanimously found, as a fact, that the claimant was injured while working for his employer at his employer's plant and that while engaged in the regular course of his employment he received the injuries stated and that these injuries were accidental injuries arising out of and in the course of his employment. This determination has been unanimously affirmed by the Appellate Division.

In enacting the Workmen's Compensation Law, the legislature was exercising the police power of the sovereignty under the provisions of article 1 of the constitution, and in so doing outlined a general scheme the details of which as applied to each individual state of facts was necessarily left to the state industrial commission. The findings of the commission when supported by a proper hearing with the opportunity to produce facts is final, as though the legislature itself had passed the act specially to cover the facts presented. (*Mugler* v. *Kansas*,

123 U. S. 623; *Health Dept. of N. Y.* v. *Rector, etc., of Trinity Church,* 145 N. Y. 32; *Hibben* v. *Smith,* 191 U. S. 310; *Burfenning* v. *Chicago, St. P., M. & O. Ry. Co.,* 163 U. S. 321; *Bates & Guild Co.* v. *Payne,* 194 U. S. 106.)

Section 23 of the Compensation Law provides that the award or decision of the commission shall be final and conclusive, unless reversed or modified upon appeal. Upon such appeal, this court is bound by the presumptions imposed by the Compensation Law itself to the same extent as the commission. These presumptions are found in section 21 of the law and are as follows:

" In any proceeding for the enforcement of a claim for compensation under this chapter, it shall be presumed in the absence of substantial evidence to the contrary

" 1. That the claim comes within the provisions of this chapter;

" 2. That sufficient notice thereof was given;

" 3. That the injury was not occasioned by the willful intention of the injured employee to bring about 'the injury or death of himself or of another;

" 4. That the injury did not result solely from the intoxication of the injured employee while on duty."

In the record of this case no evidence has been produced to rebut these presumptions. On the contrary, evidence was produced which was decided by the commission sufficient to sustain a direct finding by it that the claimant received his injuries while engaged in the regular course of his employment. (*Matter of McQueeney* v. *Sutphen & Myer,* 167 App. Div. 528.) In the absence of any evidence to rebut the presumptions, this finding becomes final and controlling. (*Matter of White* v. *N. Y. Central & H. R. R. R. Co.,* 216 N. Y. 653; 243 U. S. 188.)

Section 20 of the Compensation Law expressly states: " The decision of the commission shall be final as to all questions of fact, and, except as provided in section 23, as to all questions of law." It is beyond the power of this court to transcend the law itself and while this court

may have power to set aside a finding clearly without any facts to support it, it cannot set aside a finding based on a conflicting state of facts. (*Matter of Carroll* v. *Knickerbocker Ice Co.*, 218 N. Y. 435.)

There is a lengthy discussion of the facts and circumstances as to the injury and its causes in the commission's opinion. The majority opinion of this court properly finds fault with the practice of incorporating the opinion of the commission as a part of the findings. It is a practice to be discouraged and I concur in so much of the prevailing opinion. Criticism is also made of the statement in the opinion of the commission that " if his fall was caused by the assault committed on the sidewalk, it arose out of his attempt to handle his employer's product and defend his employer's property. It, therefore, arose out of and in the course of his employment. If, on the other hand, his injuries resulted from a fall while carrying papers in his employer's loft, he is equally to be compensated under the law."

Opinions are necessarily argumentative and frequently discursive and it is, therefore, at times difficult to ascertain what facts are exactly found, but where findings are conflicting, it is the duty of a court to endeavor to reconcile and to give each finding some office to perform. (*Green* v. *Roworth*, 113 N. Y. 462, 467.) Chief Judge RUGER in that case said: " So far, therefore, as these findings are conflicting, it is the duty of the court to endeavor to reconcile them and give to each some office to perform. It is only when this cannot, by a reasonable construction, be accomplished, that the court are bound to accept that finding most favorable to the appellant." Chief Judge RUGER laid down the rule that examination must be made of the findings to see how far they are inconsistent. If the formal finding is broader than the one alleged to be inconsistent with it, then the formal finding will prevail. There may be an inconsistency between the findings as set forth in the opinion, but when

read in the light of the general finding of the commission it is quite clear what was really found. The formal finding of the commission brings this case within the Workmen's Compensation Law because it specifically finds that claimant was injured in the regular course of his employment and that those injuries were accidental injuries and arose out of and in the course of his employment. The evidence clearly justifies such findings. They are not necessarily inconsistent with any findings contained in the opinion. The opinion contains a finding of the assault and also of the fall upon the floor. It is the intent of the commissioner writing the opinion to show that the claimant was assaulted, following which within a short time he fell upon the floor, and the two things together caused the injuries which he sustained. The industrial commission had before it a question of fact. It decided that in favor of the claimant. To send this case back for a new hearing, under these circumstances, would seem to be a useless task. Upon the identical evidence, the commission might well find that the claimant received his injuries while upon the sidewalk engaged in his employer's work and with his employer's possessions.

It is undisputed that if the commission had found that the injuries which the claimant had received were those received on the sidewalk, although he did not collapse until an hour afterwards, and this finding had been unanimously affirmed, there would be no question of the right of the claimant to recover, but because of the incorporation of the opinion in the finding and of the alternative language used in the opinion, the cause of the injury is said to be uncertain. That is the ground upon which the prevailing opinion is based.

The commission found that Matrullo, the assailant, without any sufficient reason, interfered with the claimant in his work, forced himself upon him with his assistance

2

and when he was repelled, assailed the claimant more or less severely. Such an assault arose out of and in the course of the employment. The general finding of the commission is that the claimant was injured in the regular course of his employment and injuries are set forth.

The purpose of the Workmen's Compensation Law was to provide an informal hearing and decision. A reasonable observance of rules of law, of course, must be had, but the law should be construed broadly and liberally without technicality. (*Matter of Petrie* , 215 N. Y. 335; *Matter of Costello* v. *Taylor,* 217 N. Y. 179; *Matter of Winfield* v. *N. Y. C. & H. R. R. R. Co.,* 168 App. Div. 351; 216 N. Y. 284; *Matter of Rheinwald* v. *Builders' Brick & Supply Co.,* 168 App. Div. 425; *Matter of McQueeney* v. *Sutphen & Myer,* 167 App. Div. 528.)

Chief Judge HISCOCK, in *Matter of Petrie* (215 N. Y. 335, 338) said: " The Workmen's Compensation Law was adopted in deference to a widespread belief and demand that compensation should be awarded to workmen who were injured and disabled temporarily or permanently in the course of their employment, even though sometimes the accident might occur under such circumstances as would not permit a recovery in an ordinary action at law. The underlying thought was that such a system of compensation would be in the interest of the general welfare by preventing a workman from being deprived of means of support as the result of an injury received in the course of his employment. The statute was the expression of what was regarded by the legislature as a wise public policy concerning injured employees.

" Under such circumstances we think that it is to be interpreted with fair liberality, to the end of securing the benefits which it was intended to accomplish."

Applying this salutary rule of construction and having a due regard for the presumptions imposed by the statute, I believe that the findings are justified by the evidence

and in accordance with the rule laid down by Chief Judge RUGER in *Green* v. *Roworth* (*supra*) the award appealed from should be affirmed.

COLLIN, HOGAN, POUND, MCLAUGHLIN and ANDREWS, JJ., concur with HISCOCK, Ch. J.; ELKUS, J., reads dissenting opinion.

Order reversed, etc.