Before State Industrial Board, Respondent.

Theodore Isabelle, Appellant, *v.* J. H. Bode & Company and Another, Respondents.

Third Department, January 6, 1926.

**Workmen's compensation — claimant, outside job worker of coal company, was, while waiting in office to be paid for completed job, injured by wire thrown by boys — accident did not arise out of and in course of employment.**

The claimant, who was from time to time employed as an outside job worker of a coal company, did not suffer an injury arising out of and in the course of his employment, since it appears that after he had completed a job and while he was waiting at the office of the company for his pay therefor, he was injured by a wire thrown by some boys who were outside the office.

Appeal by the claimant, Theodore Isabelle, from an award of the State Industrial Board, made on the 16th day of February, 1925, dismissing the claim.

*John B. Doyle* [*Francis X. Nicastro* of counsel], for the appellant.

*Bacon & Tippett* [*Clarence B. Tippett* of counsel], for the respondents.

Van Kirk, J. In November, 1924, an award had been made to the claimant. At a later hearing this award was rescinded and the award appealed from made on the ground that, though the accidental injury occurred during the course of employment, it did not arise out of his employment.

The Board has found: " While sitting in said chair, a child who was playing in an adjoining yard threw a piece of wire through an open door in said office and the wire struck Theodore Isabelle on the right eyeball." This finding conforms to the testimony. The

employer was J. H. Bode & Company, dealer in coal and wood. The claimant was an occasional employee, hired to "stow" coal in bins of purchasers. Between June and the following October when he was injured, he had worked for J. H. Bode & Company about three weeks. He says: "I hung around from June to October. This summer I worked on an ice wagon." On the day of the injury he had stowed coal at James Burden's, which job was the last of the day and he finished it about half past two. He then went a distance of some city blocks to the employer's office "to get paid." Mr. Bode was not present and he had to wait. He received his injury between three forty-five and four o'clock. He was at the time sitting down.

The appellant urges strongly that the employer knew that lawless boys were accustomed to come upon the premises and into the office; and, because the employer did not exclude these boys, it subjected the claimant to a risk which it could have avoided if it had taken proper preventive measures; by allowing these conditions to exist the employer made such a risk an incident of the claimant's employment. This presents the real contention in the case. The office was on the street level, in an old garage. There were stacks of lumber in the yard and unruly boys would come in. These boys had no right or business there; Mr. Bode had caused them to be driven away and made a rule that children be not allowed on the premises. At the time the injury was inflicted two boys were present, one about thirteen and one about eight years of age. There is no proof that these boys had ever before done any person an injury, nor was there any description of what had on former occasions been done by intruding boys. There is only the statement that the boys in the neighborhood were unruly. We find nothing in the record on which an inference can fairly be based that these young boys were likely to do any physical injury to an employee or person in the office. These two boys were trespassers, whose presence had been forbidden. The evidence justified the finding that the accidental injury did not arise out of, and was in nowise incidental to, the employment. (*De Salvo* v. *Jenkins*, 205 App. Div. 198; affd., 239 N. Y. 531; *Matter of McCarter* v. *LaRock*, 240 id. 282; *Matter of Kowalek* v. *N. Y. Cons. R. R. Co.*, 229 id. 489.) It is not sufficient to sustain an award that the employment occasioned the presence of the employee where the injury occurred. (*Matter of Scholtzhauer* v. *C. & L. Lunch Co.*, 233 N. Y. 12.) In that case the court said: The injury "must have been received while the employee was doing the work for which he was employed, and in addition thereto, such injury must be a natural incident to the work. It must be one of the risks connected with the employ-

ment, flowing therefrom as a natural consequence and directly connected with the work. (*Matter of Heitz* v. *Ruppert*, 218 N. Y. 148.) In the instant case the injury had absolutely no connection with the employment, it was not inflicted by any person in anywise connected therewith, and it could as well have occurred in the public street as in the office. No employment brought the injured claimant and the boy together. To hold that the employer ought to have realized that mischievous boys would be likely to harm persons in his office and should have provided means to always guard against intrusion upon the premises by such boys would put an unreasonable responsibility upon the employer.

We also are of the opinion that the injury did not arise in the course of the employment. The claimant was an outside worker, not a plant worker. His contracts of employment did not cover going to and coming from a job. He never had duties to perform at the office. He, with others, often loitered about the office, waiting to get a job. When there were other jobs to be performed Mr. Bode generally came around in his car where the men were working and told them where next to work, but sometimes they were told at the office. In this instance the claimant had three days' pay due him. When he received his injury he had been waiting in the office from twenty minutes to three-quarters of an hour. He had finished his job at Burden's and had no further job to do that day; when he left Burden's he left his place of work. He was to receive pay for no further service that day. Had he been a plant worker and gone from his work to the office in the plant to get his pay, it might be said that he was still upon the employer's premises, had not unreasonably loitered after finishing his work, and was still in the course of his employment. But this argument, if sound, can hardly apply to the case of an outside worker, who had finished his job at a distance from the office, away from the employer's premises, and who then went through the public streets to the office to collect three days' pay. Had he not worked on the day he was injured, but had gone to the office to collect his pay for a preceding day's work, he would not have been in the course of his employment. So here, being a job worker, when he had finished his job at Burden's, J. H. Bode & Company had ceased to be his employer and remained only his debtor. The fact that he went from the place where he had finished his work to the office of the employer and but a comparatively short time had elapsed between finishing the work and the happening of the accident does not change the relation. Had he been injured in the street after he left Burden's and before he reached the employer's office, we think he would not have been in the course of his employment when

injured. If he was at the office to get his pay for work completed he was no longer an employee; if he was there to get another job, he was not yet an employee.

The State Industrial Board does not file a brief.

The decision of the Industrial Board should be affirmed.

All concur; H. T. KELLOGG and McCANN, JJ., in the result on the ground that the accident did not arise out of the employment.

Decision affirmed.