In the Matter of the Claim of REGINA COOLEY, Respondent, against P. J. HEANEY Co., INC., et al., Appellants.

THE STATE INDUSTRIAL BOARD, Respondent.

(Argued November 20, 1928; decided November 27, 1928.)

*T. Carlyle Jones* and *Bernard J. Vincent* for appellants. Death herein did not arise out of and in the course of

the deceased's employment. (*Kowalek* v. *N. Y. Consolidated R. R. Co.*, 229 N. Y. 489; *Schultz* v. *Champion Welding & Mfg. Co.*, 230 N. Y. 309; *Tallon* v. *Interborough Rapid Transit Co.*, 232 N. Y. 410; *Johnson* v. *Faribault Bldg. Corp.*, 192 App. Div. 929; 229 N. Y. 626; *Sabatelli* v. *DeRobertis*, 192 App. Div. 873; 230 N. Y. 592.)

*Albert Ottinger, Attorney-General* (*E. C. Aiken* of counsel), for respondent. There is a presumption that the accident arose out of and in the course of employment under section 21 of the Workmen's Compensation Law. (*O'Brien* v. *Todd Salt Co.*, 215 App. Div. 738; *Jennings* v. *Fillmore Building Corp.*, 216 App. Div. 775; *Rahn* v. *Rochester, L. & B. R. R. Co.*, 217 App. Div. 711; *Harrigan* v. *Conklin*, 217 App. Div. 799; *De Bourg* v. *Eastern G. & M. Elevator Corp.*, 211 App. Div. 828; *Norris* v. *New York Central R. R. Co.*, 246 N. Y. 307.)

CRANE, J.    P. J. Heaney Co., Inc., was in the building material business, having a big yard and freight siding and a boat landing on the Bronx river or Westchester creek. At the end of the dock or boat landing was a stringpiece along the water front about a city block long and a foot and one-half high.

A young man, John Cooley, about 28 years of age, was employed as a bag cleaner. He worked in a shed on the place about one hundred feet from the dock cleaning bags. He had no other work to do. This was his job. John Cooley owned a second-hand Overland car which he used to take his family, wife and two children, out on pleasure drives. He did not use it in his work or going to and from his work; nothing that he did for his employer required him to use the car. To save garage expense he stored the car in the yard of the company. It was last seen on the day of the accident in the yard facing the dock about fifteen feet from the water.

On the 16th day of August, 1927, Cooley was at work cleaning bags and was told to work overtime until eight

o'clock in the evening. The usual time of ceasing work was five o'clock in the afternoon. At seven-thirty o'clock that evening John Cooley and his Overland car were found in the river and fished out by the police. Cooley was dead; he had been drowned. He was in his working clothes at the time. The foreman says that Cooley always changed his clothes before going home. Mrs. Cooley says that he always came back home in his working clothes.

Do these facts show that the accident, whatever it was, arose out of and in the course of Cooley's employment? I think not. The automobile was only used for pleasure riding and in no way connected with Cooley's employment. He stored it in the yard for his own personal convenience. His work up to eight o'clock on the day of August 16th required him to clean bags in a shed one hundred feet away from the dock. No inference can be drawn from these circumstances that Cooley while in and driving his car was doing anything for his employer in the course of his employment. The reasonable inference is that he was engaged on purposes of his own.

The accident is a sad and unfortunate one, resulting in serious loss to the widow and children, but the same consequences would have arisen if Cooley had been killed while driving in the public streets. Compensation can only be allowed under this Workmen's Compensation Law [Cons. Laws, ch. 67] for those accidents arising out of and in the course of the employment. We are not justified in extending these words beyond their natural meaning by our natural feeling of sympathy.

The order of the Appellate Division should be reversed and the claim dismissed, with costs against the State Industrial Board in this court and in the Appellate Division.

CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Order reversed, etc.