In the Matter of the Claim of KATHERINE ANDREWS, Respondent, against L. & D. AMUSEMENT CORPORATION and Another, Appellants.

THE STATE INDUSTRIAL BOARD, Respondent.

Third Department, September 19, 1929.

*H. C. Houlihan [Jeremiah F. Connor of counsel], for the appellants.*

*Hamilton Ward, Attorney-General [E. C. Aiken, Assistant Attorney-General, and Alexander A. Tausky, Deputy Attorney-General, of counsel], for the respondents.*

HILL, J. While engaged in his occupation as a painter, decedent had occasion to walk along a concrete-paved alleyway. He had an epileptic attack and fell, striking his head upon the pavement with such force that his skull was fractured. Death resulted from the fractured skull. An award for death benefits has been made, upon the authority of the recent case of *Matter of Mausert* v. *Albany Builders S. Co.* (250 N. Y. 21). It is stated in that opinion (at p. 25): " It is the fall and the injury resulting from it that constitutes an accident within the purview of the statute. The cause may be disregarded and the inquiry limited to an investigation to disclose whether the fall, having occurred, bore with it such consequences as would not have occurred except for the employment.

It is conceded that the accident occurred while decedent was engaged in his employment. Had the fall been the result of slipping on wet paint on the pavement, or stumbling over implements or obstructions, or if it in any manner arose out of the employment, there would be no question. We are told in the *Mausert* case that the cause of the fall may be disregarded; that the only thing to consider is the fall and the resulting injury. Judge

O'BRIEN, suggests that Mausert may have fallen because he was " sleepy or awkward or stupidly negligent." Compensation being legal under such circumstances, it is in this case, where the injuries were received from a fall due to epilepsy. Death was caused by the injuries received from the fall and not from the epileptic attack. The award should be affirmed.

VAN KIRK, P. J., DAVIS and WHITMYER, JJ., concur; HINMAN, J., dissents, with an opinion.

HINMAN, J. (dissenting). I think this simple fall to the pavement due to physical seizure by a man walking thereon is not the same in principle as a fall from an elevated scaffold or a ladder or the seat of a wagon. In *Matter of Barath* v. *Arnold Paint Co.* (238 N. Y. 625) the man fell from a scaffold. In *Matter of Mausert* v. *Albany Builders S. Co.* (250 N. Y. 21) there was a fall from a wagon seat and the man was crushed by the wheels of the wagon. The distinction is that in those cases the employment created a greater hazard than the average member of the public is subjected to and the consequences of the fall would not have occurred except for the employment. The average citizen would not be compelled to occupy such a precarious position on an elevated scaffold or wagon seat or be where he would be crushed by the wheels of such wagon if he fell therefrom. The average citizen would, however, be subjected to the ordinary risk of a fall to the pavement, due to physical seizure as he walked along in everyday life apart from any employment. I believe this distinction is made in the opinion of Judge O'BRIEN in the *Mausert* case. I dissent and vote for a reversal.

Award affirmed, with costs to the State Industrial Board.