In the Matter of the Claim of MARGARET DONOHUE, Respondent, against YONKERS SASH WEIGHT CORP. and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, January 21, 1937.

*Jeremiah F. Connor*, for the appellants.

*John J. Bennett, Jr., Attorney-General* [*Hector A. Robichon, Assistant Attorney-General*, of counsel], for the respondent State Industrial Board.

HILL, P. J. Appeal from an award of death benefits to the widow of James Donohue. His body was found in the Harlem river at One Hundred and Fifty-second street (Manhattan) on June 3, 1934.

The cause of death was drowning. There was no external injury or evidence of violence. He was last seen alive just before the noon hour on May twenty-sixth walking west toward Broadway (away from the river) from a truck which he had parked on Two Hundred and Fifteenth street a few feet east from Amsterdam avenue. He had left the motor running and he told his helper to stay with the truck until he returned. On this day he was engaged in drawing scrap metal to Yonkers from a pile in the yard of the Independent Subway, which was adjacent to and south of Two Hundred and Fifteenth street. The place where the truck was parked was about 1,000 feet west from the river. To go from that place to the scrap heap, one proceeded east (toward the river) about 500 feet along Two Hundred and Fifteenth street to a gate entering the railway yard. From this gate, because of the railway tracks, it was necessary for a truck to proceed west (away from the river) along the northerly side of the yard and then south along its western boundary and again east to the scrap heap which was located between 500 and 1,000 feet from the river. The railway yard was separated from the river by a concrete wall, and where streets intersected the river there were docks. Decedent's employment did not bring him nearer to the river than the gateway into the railway yards.

The respondent argues that the award is proper under the doctrine of *Norris* v. *New York Central R. R. Co.* (246 N. Y. 307), and in the brief suggests possible inferences. " It could be presumed that the deceased left his truck either to get a cup of coffee, to answer a call of nature or to walk along the river front." However, it does not appear that there was a restaurant between the place on Two Hundred and Fifteenth street where the truck was parked and the river, but it does appear that there was a restaurant to the west of the truck near Broadway, and decedent walked in that direction when he left the truck. Likewise, the evidence fails to disclose a toilet near the river. Concerning a walk along the river front and the location of a restaurant, an officer who investigated the disappearance gave the following evidence: " Q. Did you try to ascertain from McRae [the helper who was left on the truck] whether his leaving the truck had anything to do with lunch? A. He said he took it for granted that James was getting his lunch over at one of the restaurants over there in upper Broadway. * * * Q. Did you ascertain whether it was the custom of men working in the neighborhood to take a stroll along the river at lunch hour? A. It is impossible, you could not stroll along the water front due to the fact that almost every street there has a dock and rest of it. It would be impossible, I found it out myself." The proven facts and surrounding details do not sustain an inference that decedent came

to his death from causes arising out of or connected with his employment. If the award is to be sustained, it must be upon the ground that decedent intended to return to the truck, as he left the motor running and told his helper to wait, and upon the statutory presumption (Workmen's Comp. Law, § 21, subd. 1) and also the common-law presumption that the relationship of master and servant having been established is presumed to continue until substantial evidence shows the contrary. (*Norris Case,. supra.*) The evidence not only fails to sustain the required inference, but rebuts it. ".It has been frequently held, directly and indirectly, that there must be some evidence from which the conclusion can be drawn that the injuries did arise out of and in the course of the employment [citations]." (*Lorchitsky* v. *Gotham Folding Box Co.*, 230 N. Y. 8, 12.)

The more recent cases dealing with presumptions are not at variance with the *Lorchitsky* case. The decedent in *Miller* v. *New York Dock Co.* (262 N. Y. 531) was employed as a watchman on Pier 10, Brooklyn. He disappeared during the night. The last work which he did was to turn out lights on the outside of the pier shed. It was a very foggy morning. The body was found between Piers 10 and 11. The place of employment in *Cooley* v. *Heaney Co., Inc.* (249 N. Y. 395) was at a boat landing on the Bronx river. Decedent's body was found in the river in his own automobile, which he used only for his private enjoyment and service. From that fact the inference was drawn that the employment had been abandoned and the award was reversed. The decedent's body was found on railroad tracks in *McCarthy* v. *Walsh Construction Co.* (254 N. Y. 608), but there was proof that it was his duty to look after supplies and that this might take him to various places along the tracks. In *Norris* v. *New York Central R. R. Co.* (*supra*) the body was found at a place sustaining an inference that while waiting for a truck to arrive which he would help to unload decedent was going either to a flag shanty to warm himself or to a toilet. *Salomone* v. *Yellow Taxi Corporation* (242 N. Y. 251) and *Caniano* v. *Yellow Taxi Corporation* (249 id. 521) should be read together, as they involve the same accident, it being claimed that Salomone met his death while a passenger in the cab driven by Caniano, the employee. The judgment in the *Salomone* case was reversed upon the ground that under the circumstances *res ipsa loquitur* did not apply (p. 262). The opinion in that case indicates the inferences which a fact-finding body could draw, and in the compensation case (Caniano), the Industrial Commission having drawn an inference from the facts that employment continued until the time of death, the award was sustained.

The inference contended for in this case is refuted by the respondent's own witnesses. The circumstances here constitute substantial evidence controverting the statutory and common-law inferences that James Donohue continued in his employment until his death.

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

McNamee and Crapser, JJ., concur; Rhodes and Bliss, JJ., dissent, and vote to affirm.

Award reversed and claim dismissed, with costs against the State Industrial Board.