In the Matter of the Claim of ANNA P. PENN, Respondent, against FLORENCE N. LEWIS and ÆTNA CASUALTY & SURETY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Decedent, a groom, came to his death upon the grounds of the Saratoga Racing Association. The accident was unwitnessed. The evidence will sustain the finding that he was required to stay upon the premises at all times. The fact that his body was found some distance away from the barn in which the horses of his employer were kept does not overcome the presumption that he continued in the employment and met his death therein. Award affirmed, with costs to the State Industrial Board. Hill, P. J., Heffernan and Foster, JJ., concur; Crapser and Schenck, JJ., dissent; Crapser, J., in a memorandum, in which Schenck, J., concurs. Crapser, J.: I dissent and vote to reverse the award and to dismiss the claim. Deceased was employed as a groom. His duties for his employer were in Barn 58 at the Saratoga Race Track. Within thirty feet of this barn was

a toilet that the men used. Just before retiring at night deceased hung up his jacket and stated to his companion that he was going to the toilet, thirty feet away from the Barn 58. Decedent was found 2,300 feet in air line distance from the place where he should have been, near what is known as the Oklahoma Track. No explanation is given why he should have been there. The accident was unwitnessed. Under the authority of *Matter of Cooley* v. *Heaney Co., Inc.* (249 N. Y. 395) no inference can be drawn from the circumstances in this case that the employee at the time he met his death was doing anything for his employer but the only inference that can be drawn from the evidence is that he departed from the employment for purposes of his own.