In the Matter of the Claim of WALTER HOFFMAN, Respondent, against THE NEW YORK CENTRAL RAILROAD COMPANY, Employer and Self-insurer, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, July 1, 1942.

*Whalen, McNamee, Creble & Nichols [Charles E. Nichols of counsel], for the appellant.*

*John J. Bennett, Jr., Attorney-General [Joseph A. McLaughlin and Isaac Frank, Assistant Attorneys-General, of counsel], for the State Industrial Board, respondent.*

SCHENCK, J. The award under review was for $2,684.80, for loss of vision of claimant's left eye and it continued the case for further hearing on the question of facial disfigurement.

Claimant, employed as a boilermaker's helper, was proceeding to his work in Shop C on the employer's premises at West Albany where his daily task was scheduled to commence at seven A. M. on March 21, 1940. While on a concrete walk he fell, sustaining a contusion and laceration over the left eyebrow with the result, as the Industrial Board has found on sufficient evidence, that he sustained a complete optic atrophy. There were no obstructions on the walk and what caused him to fall claimant did not know at the time, nor was he able to say when on the stand. Although there was a little ice there, claimant twice declined an opportunity offered to him by the hearing referee to say that he slipped on any ice. He testified: " I just fell. I don't know how I fell down. I don't know whether I slipped or what happened to me. That is

the only thing I can say. I just simply went down. * * * I don't really know what happened. * * * I don't know whether I slipped or something else happened." He had been subject to " awful headaches now and then," but they did not make him dizzy.

" The problem presented is whether the injuries suffered are ' accidental injuries ' which arose not only ' in the course ' of the employment, but also ' out of ' the employment." (*Matter of Connelly* v. *Samaritan Hospital*, 259 N. Y. 137, 139.)

Undoubtedly claimant met with an accidental personal injury, as the term is commonly used (*Matter of Moore* v. *L. V. R. R. Co.*, 169 App. Div. 177, 181; *Jeffreyes* v. *Sager Co.*, 198 id. 446; affd., on this court's opinion, 233 N. Y. 535; *Matter of Woodruff* v. *Howes Const. Co.*, 228 id. 276, 278), which certainly arose in the course of his employment. (*Ross* v. *Howieson*, 198 App. Div. 674; revd. on dissenting opinion below, 232 N. Y. 604; *Gibbs* v. *Macy & Co., Inc.*, 214 App. Div. 335.) But one in the course of his employment may meet with an accidental injury which did not arise out of such employment. (*Matter of Saenger* v. *Locke*, 220 N. Y. 556, 558; *Greenberg* v. *Greenberg*, 203 App. Div. 343, 346.)

Had claimant slipped on an icy spot, or stumbled over an obstruction, this would have been a case where his employment brought him within the ambit of a zone of special danger (*Matter of Leonbruno* v. *Champlain Silk Mills*, 229 N. Y. 470, 472; *Matter of Kowalek* v. *N. Y. Consol. R. R. Co.*, Id. 489, 494; *Matter of Heidemann* v. *Am. Dist. Tel. Co.*, 230 id. 305, 307), but that cannot be so where, as here, the cause of claimant's fall is unknown. The Industrial Board's finding that " The injuries sustained by the said Walter Hoffman * * * arose out of * * * his employment " is simply a conclusion. (*Matter of Lorchitsky* v. *Gotham Folding Box Co.*, 230 N. Y. 8, 11.)

*Matter of Mausert* v. *Albany Builders Supply Co.* (250 N. Y. 21) is cited by the Attorney-General as sustaining this award, and this court, in an opinion by the present presiding justice, had relied upon it in upholding the award in *Matter of Andrews* v. *L. & D. Amusement Corp.* (226 App. Div. 623). But when the *Andrews* case reached the Court of Appeals (253 N. Y. 97), the *Mausert* case was distinguished in that Mausert's seizure caused him to fall to the pavement from his *elevated position* on the seat of a truck which he was driving. " It was as a teamster that he incurred the risks " (p. 99).

The statutory presumptions are not sufficient of themselves to sustain this award. (*Matter of Eldridge* v. *Endicott, Johnson & Co.*, 228 N. Y. 21, 25; *Matter of Lorchitsky* v. *Gotham Folding Box Co.*, 230 id. 8, 12; *Matter of Daus* v. *Gunderman & Sons, Inc.*,

283 id. 459, 465, 466.) Unlike *Matter of Norris* v. *N. Y. C. R. R. Co.* (246 N. Y. 307), this is not a case of death resulting from an accident of which there was no eyewitness, for here we have claimant's testimony as to what occurred.

That the accident to claimant occurred on the premises of the employer is not necessarily controlling (*Isabelle* v. *Bode & Co.*, 215 App. Div. 184, 185; *Matter of Jakeway* v. *Bauer Co.*, 218 id. 302, 305; *Matter of Kowalek* v. *N. Y. Consol. R. R. Co.*, 229 N. Y. 489; *Matter of Scholtzhauer* v. *C. & L. Lunch Co.*, 233 id. 12, 15), especially where the premises are those of a railroad. (*Matter of McInerney* v. *B. & S. R. R. Corp.*, 225 N. Y. 130, 134.)

Claimant's accident having happened when he was on the employer's premises on his way to work, it arose *in the course* of his employment, since it occurred *while* he was there; but it did not arise *out of* his employment, since it is not shown to have occurred *because* he was there.

The award should be reversed and the claim dismissed.

BLISS and FOSTER, JJ., concur; HILL, P. J., dissents, in an opinion, in which CRAPSER, J., concurs.

HILL, P. J. (dissenting). The employer and self-insurer appeals from an award made to claimant for 100 per cent permanent loss of vision of the left eye. The injury was received when he fell on a concrete sidewalk, as he was crossing the employer's premises to the building where he worked, striking his head and sustaining the injuries that caused the loss. The walk was covered with ice and sleet.

While possibly the Board might have found that the fall was due to dizziness, they did not, but rather that claimant fell while engaged in the regular course of his employment, striking his head, and that the injuries resulting " arose out of and in the course of his employment." It was in the line of his employment to walk to the building which he was approaching, and when the way was slippery through the presence of ice and sleet, the risk of injury by falling was incident to and a natural consequence of his work. (*Matter of Connelly* v. *Samaritan Hospital*, 259 N. Y. 137.) In the *Connelly* case the fall was the result of a cardiac condition; the injury was caused by the presence of a table in the room where the claimant fell, against which she struck her head. Here the weight of the evidence sustains a finding that claimant did not fall as the result of dizziness or any internal ailment. *Matter of Andrews* v. *L. & S. Amusement Corp.* (253 N. Y. 97) is distinguishable. The employee there was upon the street. Nothing about his employment created a special hazard. Here claimant necessarily

passed over this slippery walk. The liability of a fall and injury occurred not only in the course of, but arose out of, the work. (*Matter of Mausert* v. *Albany Builders Supply Co.*, 250 N. Y. 21.) Proof that claimant was walking along this icy surface in connection with his work is evidence from which the conclusion may be drawn that the injuries arose out of the employment, for it is known that pedestrians frequently fall when walking upon icy surfaces. This evidence, together with the presumption (Workmen's Comp. Law, § 21, subd. 1), sustains the finding of the Board. (*Matter of Lorchitsky* v. *Gotham Folding Box Co.*, 230 N. Y. 8; *Matter of Donohue* v. *Yonkers Sash Weight Corp.*, 249 App. Div. 473; affd., 275 N. Y. 566.)

The award should be affirmed.

CRAPSER, J., concurs.

Award reversed and claim dismissed.