THIRD DEPARTMENT, APRIL, 1943.

(April 28, 1943.)

In the Matter of the Claim of GERTRUDE WELZ, Appellant, against MARKEL SERVICE, INC., et al., Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur; Schenck, J., dissents, in an opinion.

Schenck, J. (dissenting). Appeal by claimant from a decision of the State Industrial Board, dated March 16, 1942, and from an affirmance thereof on review, dated August 10, 1942, denying an award of death benefits. Decedent, employed by Markel Service, Inc., as an investigator and adjuster of accident claims against owners of motor vehicles, was required every sixth night to be on "night duty." That meant that he was to be available at his home, in Bellerose, Long Island, subject to telephone call in the event of the occurrence of an accident which his employer might instruct him to investigate. After completion of such an investigation, it was the practice of decedent to return to his home, where he continued to be subject to call until nine o'clock of the following morning.

In the early evening of January 25, 1941, having been notified of the occurrence of an accident in Manhattan, decedent left his home and repaired to the scene of the accident, his investigation of which consumed several hours. Twice before two o'clock of the following morning he gave over the telephone information to his superior about the case. While on his way home, at about four o'clock in the morning, it became necessary for decedent to change from a subway express train to a local at Parsons Boulevard station. After he had left the express train, but before the arrival of the local, a fellow passenger on the platform, whose back was toward decedent, heard a thud and upon turning around saw decedent lying on his back on the platform with his brief case alongside him. Decedent, in an unconscious state, was removed immediately to a hospital where he died without regaining complete consciousness.

The hearing referee, while finding that the accident arose in the course of the employment, ruled that it did not arise out of the employment, a decision which the Industrial Board on review affirmed, relying on *Matter of Hoffman* v. *New York Central R. R. Co.* (264 App. Div. 472). Although, according to the Board's formal findings, decedent's death resulted from his fall, it "was not the result of accidental injuries arising out of his employment while in the employ of said employer." Had the Board's decision been the other way, it would have had ample support in *Matter of Norris* v. *New York Central R. R. Co.* (246 N. Y. 307). But for the call which took him on the trip to Manhattan, decedent would probably have remained safely at home. Nothing which this court decided in the *Hoffman* case required the Board to hold that this decedent's accident did not arise out of his employment. This is so regardless of the reversal by the Court of Appeals on April 15, 1943, of this Court's decision in the *Hoffman* case. (290 N. Y. 277.)

But inasmuch as the Board's finding involved an act of judgment upon a debatable matter of fact, this court is without power to make a contrary decision as matter of law. (*Matter of Daus* v. *Gunderman & Sons, Inc.*, 283 N. Y. 459; *Matter of McGrinder* v. *Sullivan*, 290 N. Y. 11.) While the statutory provision which accords to a decision of the Board finality as to all questions of fact frequently works to the prejudice of the employer, we have

here one of those rare instances where that provision has apparently resulted in injustice to a claimant. We are constrained, therefore, to affirm the Board's decision, without costs, but without prejudice to an application by claimant to the Board to reopen the case in the interest of justice and in the exercise of its continuing jurisdiction which, under section 123 of the Workmen's Compensation Law, is unquestionable. (*Matter of DiDonato* v. *Rosenberg,* 256 N. Y. 412; *Matter of Ingberg* v. *Zimmerman,* 261 N. Y. 551.)