In the Matter of the Claim of ANNA MALLOY, Respondent, against CAULDWELL WINGATE Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 24, 1954.

*Ralph S. Stowell* and *Joseph D. Edwards* for appellants.

*Emma A. Grippa* for claimant-respondent.

*Nathaniel L. Goldstein, Attorney-General (Harry Pastor* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

BERGAN, J. Decedent was employed as a night watchman on a building project. His post was at the entrance to the project from the public sidewalk and his duty required him to stay at the entrance or a short distance from the entrance on the sidewalk.

He had no duties inside the building, but there is proof in the record that if he became aware of any disturbance in the building he might go into the building and investigate it; and there seems a fair inference from the testimony that as a watchman he would be justified in investigating unusual conditions within the building. There were no toilet facilities in the unfinished

building, and employees of this employer were required to go to a finished adjoining building to reach such facilities.

Decedent's duty terminated at midnight. The relief guard did not see him when he came on duty. Decedent was seen within the building, on a floor " approximately one level below the sidewalk surface " at from about an hour to an hour and a half after midnight, sitting on the concrete with his knees propped up and his head resting on his knees. He gave an inconsequential answer to a question why he did not sit elsewhere; and shortly after he was seen lying a few feet away from the place he had been sitting and was probably then dead.

It was not ascertained that he was dead, however, until six o'clock. He had a fracture of the skull and intracranial injuries. There was three plus alcohol in the brain from which it must be deemed that deceased was intoxicated.

The board has found that the death was in the course of employment. We think we are required to affirm on this record. The decedent's death was due to traumatic injury; he was on the employer's premises, not far from the site where he had been posted as a watchman. Nothing in the record indicates how he was injured; nor is there any exact proof as to the time of injury and thus this becomes a clear case for the intervention of the presumptions created by statute.

It is quite possible to conclude from this record that he was in that portion of the premises in pursuance of his duty and was injured before his period of duty ended. Even though he was also intoxicated, we do not feel required to hold that the board could not have drawn the inference of industrial accident on the basis of the presumption arising in a death case. In view of the traumatic nature of the injury which caused the death the board could have given due weight to the additional presumption that intoxication was not the sole cause of the injury.

The finding of accident on the date the body was found rather than the date of the previous night when decedent was on duty is not so material an error as to require reversal.

The award should be affirmed, with costs to the Workmen's Compensation Board.

HALPERN, J. (dissenting). I believe that the award should be reversed and the claim dismissed. The decedent was seen by an employee of the New York Life Insurance Company between 1:00 A.M. and 1:30 A.M. on the morning of March 13, 1951, after his work hours had terminated, sitting on the concrete floor of the basement of the building under construction. He was asked

why he did not sit on a plank instead of the cold concrete. He did not answer the question but said that " it is a quiet night, nothing much doing ". He made no complaint of injury and he did not appear to be injured at that time. It is undisputed that the decedent was intoxicated. It seems to me that the only reasonable inference is that the decedent had wanderd off into the basement to sit out or to sleep through his state of intoxication. He was seen later in the morning sprawled on the floor near the place where he had first been seen; it was later determined that he was dead. Sometime after he had first been seen, he had apparently fallen and sustained a fracture of the skull which caused his death.

It is to be noted that the board found that the decedent fell and sustained the skull fracture on March 13th (not March 12th), thus adopting the view that the decedent had sustained his injuries after midnight when his work shift had terminated. This was not an inadvertence; the date appears three times in the board's findings. Implicit in the findings is a recognition by the board that the decedent was uninjured at the time that he was seen between 1:00 A.M. and 1:30 A.M. and that he fell and injured himself at some time thereafter. The board also found that on March 13th, at the time he was injured, decedent was engaged in the regular course of his employment but there is no evidence to support that finding. On the contrary, the evidence demonstrates that, at the time he was injured, the decedent was not engaged in any service for his employer. His work hours had ended; he had not been ordered or authorized to work overtime; he was not at his regular work place; he had been seen prior to the accident in a position which negatived any inference that he might still be at work. In these circumstances, the statutory presumptions under section 21 of the Workmen's Compensation Law are not applicable (*Matter of Lorchitsky* v. *Gotham Folding Box Co.*, 230 N. Y. 8, 12; *Matter of McCormack* v. *National City Bank*, 303 N. Y. 5).

FOSTER, P. J., COON and IMRIE, JJ., concur with BERGAN, J.; HALPERN, J., dissents in a memorandum.

Award affirmed, with costs to the Workmen's Compensation Board.