■ In the Matter of the Claim of JANE SMYTH, Respondent, against PINKERTON NATIONAL DETECTIVE AGENCY et al., Appellants, and AGGREGATE TRUST FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Decedent was employed by a detective agency as a night guard at an industrial plant. It was part of his instruction not to drink on the job or come to the job after drinking; and not to operate equipment in the plant. He was found crushed to death between the steering wheel of a Hi-Lo and a conveyor belt. The Hi-Lo is a lifting mechanism which can be raised or lowered and moved about in the plant and was powered by an electric motor. Decedent was sitting in the seat of the apparatus; the motor was turned off. The accident was unwitnessed. Autopsy revealed .32 alcohol in the liver. There is proof that this indicated intoxication. On this slim record of causation, the presumptions that the claim comes within the statute and that the injury was not due solely to the intoxication of decedent (Workmen's Compensation Law, § 21, (subds. 1, 4) assume the special force applicable in unwitnessed accidents resulting in death. It has not been excluded from the scope of causation that decedent could have climbed into the apparatus in the course of inspection in the plant and accidentally started it in operation. There is adequate explanation from the position of decedent's body why the motor was off when he was discovered. Intoxication is presumed not to have been the sole cause of the accident; and in this respect the case falls within the area defined by *Matter of Swanson* v. *Williams & Co.* (278 App. Div. 477, affd. 304 N. Y. 624); *Matter of Shannon* v. *American Can Co.* (278 App. Div. 546) and *Matter of Malloy* v. *Cauldwell Wingate Co.* (284 App. Div. 798). Award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.