Appeal 'by the self-insured employer from an award of death benefits. Decedent was employed as a millwright at the employer’s Tarrytown plant. He reported for work at midnight and his foreman assigned him and another employee to a job reinforcing the dueo oven on the roof of the plant. Decedent appeared to be normal at that time. A short time later decedent left the site of the particular job to which he had been assigned. Shortly after six o’clock that morning decedent was found unconscious, lying on his back, on the main floor of the plant, immediately under and 40 or 50 feet below an open upright window on the roof. A “ catwalk ” leading from the roof downward extended alongside the open window. There is evidence that it was common for one of two workmen, working in pairs, to go to the maintenance shops for material or tools. The activities of decedent or his whereabouts from the time he left his fellow employee are unexplained by direct evidence. He could not leave the employer’s premises except through a guarded gate, and the only reasonable inference is that he was somewhere on the premises from *1032 the time lie reported for work until he was found unconscious and seriously-injured. That he died from traumatic injuries sustained at the plant is undisputed. Upon autopsy it was found that decedent’s blood contained 0.29 percent alcohol by weight, and it must be assumed from that and other evidence in the record that decedent was, at least to some degree, intoxicated. However, appellant does not urge on this appeal that decedent’s injuries and death were due solely to his intoxication. The sole contention is that he had abandoned his employment, and that the board was in error in holding that the injury arose out of and in the course of his employment. The accident was unwit-nessed, and the statutory presumptions must be given consideration. The evidence readily permits an inference that decedent fell from the catwalk through an open window while still within his employment and only a short distance from his specific job. The hazard was on the premises. Decedent was within the plant, and sustained the injuries within the hours of his regular employment. Upon this record it was within the permissible range of fact finding for the board to determine that the accident arose out of and in the course of employment. (Matter of Malloy v. Cauldwell Wingate Co., 284 App. Div. 798, affd. 308 N. Y. 1031.) Award unanimously affirmed, with costs to the Workmen’s Compensation Board.
Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ.