## No. 9251.

THE INDUSTRIAL COMMISSION OF COLORADO, ET AL., v. ANDERSON.

Decided December 3, 1917.

Action by employe to recover under the workmen's compensation act, for injuries sustained while on his way to work. Judgment for claimant.

*Reversed.*

1. WORKMEN'S COMPENSATION—*Statutory Construction.* Under sec. 8, chap. 179, S. L. 1915, p. 522, providing when the right to compensation shall obtain, it is necessary that both the service being performed and the injury sustained shall arise out of and in the course of employment.

2. *Act Construed.* The intent is to make the industry responsible for industrial accidents only, and not those resulting from hazards common to all.

3.     *Accident Occurring While on the Way to or from Work.* In
      the absence of special circumstances bringing the accident within
      the scope of the employment, no compensation is recoverable
      by a workman who is injured while on his way to or from work.

*Error to the District Court of the City and County of Denver, Hon. John H. Denison, Judge.*

Mr. WILLIAM R. EATON, Mr. LESLIE E. HUBBARD, Attorney General, Mr. WALTER E. SCHWED, for plaintiffs in error.

Mr. LEROY MCWHINNEY, for defendant in error.

*En banc.*

MR. JUSTICE BAILEY delivered the opinion of the court.

PLAINTIFFS in error bring here for review a judgment of the district court reversing the conclusions of the Industrial Commission of the State of Colorado, wherein defendant in error was found not entitled to compensation under the Workmen's Compensation Act. In this opinion the parties will be designated as in the court below.

The facts as disclosed by the findings of the Commission are that the plaintiff, a man of about seventy-eight years of age, was employed by The Robert D. Sharp Music Company as a repairer of musical instruments. He worked in Denver at the shop in the store of his employer, down town, and also had a work room at his home, where he occasionally took instruments to repair. On the morning he was hurt he had worked at his home before breakfast, after which he went out upon the street to take the car for his employer's store. While attempting to board a street car, a passing automobile caused him to step back quickly toward the sidewalk, and in so doing he slipped on the ice and fell, resulting in the injury for which compensation is sought.

It appears that plaintiff had the privilege of taking work home with him from the store, but that this was not required of him, and was in no sense one of the conditions of his employment, and that his prescribed working hours

were from eight o'clock in the morning until six in the evening, and that the accident occurred between these hours. The claim was given three hearings before the Commission, but the adverse conclusion first reached was not modified by subsequent hearings. Plaintiff was dissatisfied with the findings, and instituted action in the district court under section 78 of the Act. The district court reversed the conclusions of the Commission, and held, upon the facts, that the plaintiff was entitled to compensation. It is this alleged improper application of the law to the facts that we are called upon to review.

Plaintiff's right to recover depends upon certain conditions, enumerated in Section 8, Chapter 179, Session Laws, 1915, at page 522:

"Sec. 8. The right to the compensation provided for in this act, in lieu of any other liability whatsoever, to any and all persons whomsoever, for any personal injury or death accidentally sustained on and after August 1, 1915, shall obtain in all cases where the following conditions concur: I. Where, at the time of the accident, both employer and employe are subject to the provisions of this act. II. Where, at the time of the accident, the employe is performing service arising out of and in the course of his employment. III. Where the injury is proximately caused by accident arising out of and in the course of his employment, and is not intentionally self-inflicted or intentionally inflicted by another."

Under this section it is necessary that both the service being performed and the injury sustained shall arise out of and in the course of the employment. The intent is to make the industry responsible for industrial accidents only, and not those resulting from hazards common to all. *In re McCarthy* (Ohio), 7 N. C. C. A. 417, Ohio Ind. Com. No. 59526; *Worden v. Commonwealth Power Company* (Mich.), 4 N. C. C. A. 853; *Hopkins v. Mich. Sugar Company,* 184 Mich. 87, 150 N. W. 325, L. R. A. 1916A, 310; *Hills v. Blair,* 182 Mich. 20, 148 N. W. 243, 7 N. C. C. A. 414.

In discussing the nature of the relief granted by workmen's compensation acts, the Massachusetts court in In re Madden, 222 Mass. at page 494, 111 N. E. at page 382, L. R. A. 1916D, at page 1004, said:

"The act is not a substitute for disability or old age pensions. It cannot be strained to include that kind of relief. Its ultimate purpose simply is to treat the cost of personal injuries incidental to the employment as a part of the cost of the business. It does not afford compensation for injuries or misfortunes, which merely are contemporaneous or coincident with the employment, or collateral to it. * * * The relief is so new that the tendency may be to inquire only as to the employment and the injury and to assume that these two factors constitute ground for compensation. But the essential connecting link of direct causal connection between the personal injury and the employment must be established before the act becomes operative. The personal injury must be the result of the employment, and flow from it as the inducing proximate cause. The rational mind must be able to trace the resultant personal injury to a proximate cause set in motion by the employment, and not by some other agency, or there can be no recovery. In passing upon this question, an humanitarian emotion ought not to take the place of sound judgment in the weighing of evidence. The direct connection between the personal injury as a result and the employment as its proximate cause must be proved by facts before the right to compensation springs into being."

The same court construes the terms "arising out of" and "in the course of" the employment, in Re McNicol et al., 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306, in the following language:

"* * * In order that compensation may be due, the injury must both arise out of and also be received in the course of the employment. Neither alone is enough. It is not easy nor necessary to the determination of the case at bar to give a comprehensive definition of these words which shall accurately include all cases embraced within

the act, and with precision exclude those outside its terms. It is sufficient to say that an injury is received 'in the course of' the employment, when it comes while the workman is doing the duty which he is employed to perform. It 'arises out of' the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work, and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment. The causative danger must be peculiar to the work, and not common to the neighborhood. It must be incidental to the character of the business, and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

In this case the injury was received while the employe was on his way from his home to his regular place of employment. It is true he was permitted to do some work at home, both in and out of working hours, and that on the morning he was injured he had been employed in his own shop on work he had taken home on the previous evening. It is shown, however, that he was not obliged to do any work at home. He says he did as he pleased about that; a work room was provided at the store and when he worked at home it was of his "own free will and accord." Clearly, then, the trip from his home workshop to the one at the store was neither incident to, or a hazard of, his employment.

The rule that compensation must be denied when the injury occurs away from the employer's premises from causes which are common hazards, and the employe is not hired to work continually upon the streets as part of the contract of his employment, is stated in L. R. A. 1916A, in an annotation at page 314:

"It is a general rule laid down by the great majority of the cases that an injury cannot be said to arise out of the employment of the injured workman where it occurs upon a street, from causes to which all other persons upon the street are likewise exposed. Thus, compensation has been denied in the following cases, where the injury occurred in the manner indicated: *Rodger v. Paisley School Bd.* (1912) S. C. 584, (1912) W. C. Rep. 157, 49 Scot. L. R. 413, 5 B. W. C. C. 547 (school janitor taking message from one head master to another, overcome by heat while on the street) ; *Symonds v. King* (1915), 8 B. W. C. C. (Eng.) 189 (painter's laborer obliged to cross street to obtain some paint, knocked down by a tram car) ; *Sheldon v. Needham* (1914) 30 Times L. R. (Eng.) 590, 50 Sol. Jo. 652, 137 L. T. Jo. 212 (1914) W. C. & Ins. Rep. 274, 111 L. T. N. S. 729, 7 B. W. C. C. 471 (charwoman sent to post a letter fell and broke her leg on the street) ; *Green v. Shaw* (1912), 2 I. R. 430, (1912) W. C. Rep. 25, 46 Ir. Law Times, 18, 5 B. W. C. C. 573 (workman obliged to go but once or twice a day over a quiet country road, injured while riding his bicycle) ; *Slade v. Taylor* (1915) W. C. & Ins. Rep. (Eng.) 53, 8 B. W. C. C. 65 (manager of branch store, who was compelled to go to another branch store once a week, slipped off his bicycle and injured himself) ; *Hopkins v. Michigan Sugar Co.* (employe of sugar company employed to inspect plants in different places, who, after returning to his own city slipped while running to get a street car to return to his home) ; (*Hopkins v. Michigan Sugar Co.,* 184 Mich. 87), 150 N. W. 325 (L. R. A. 1916A, 310) ; *Newman v. Newman* (1915), 169 App. Div. 745, 155 N. Y. Supp. 665 (employe in meat market, injured while on street, delivering meat on foot) ; *De Voe v. New York State Ry. Co.* (1915), 169 App.

Div. 472, 155 N. Y. Supp. 12 (motorman, having closed his day's work, slipped on the street while going to have his watch tested.)"

In *Hopkins v. Michigan Sugar Co., supra,* the claimant was a general engineer employed to inspect sugar factories in different cities. He slipped on the ice and fell while attempting to catch a street car to return to his home, after finishing an inspection trip. In discussing whether the accident arose out of and in the course of his employment the court said:

"The question of whether deceased was in any sense within the ambit of his employment at the time and place of the accident is a serious one; but, conceding that the injury befell him in the course of his employment, can it be fairly traced to his employment as a contributing, proximate cause, or did it come from a hazard to which he, in common with others, would have been equally exposed apart from his employment? No direct causal relation is claimed in the particular that the nature of the business of manufacturing sugar in itself exposes its employees to unusual risks or danger of accidents of this nature."

After discussing the fact that deceased was protected under the act against the extra hazards to which he was exposed in travel under his contract of employment, the court continued:

"At the time of his accident he was passing on foot along a familiar highway, upon which was ice, and snow— a natural condition of that season of the year—involving an increased risk and added danger of falling, common to all, and known to all.  *  *  *  While it is indicated by the record that he desired to take a street car and was walking or running towards one for that purpose, to assert that he was injured in attempting to take or board a car would be a misleading overstatement.  *  *  *  The board found that 'he started from the sidewalk towards the car with the intention of boarding the same.'  *  *  *  Slipping upon snow-covered ice and falling while walking, or running is not even what is known as peculiarly a 'street

risk'; neither is it a recognized extra hazard of travel or particularly incidental to the employment of those who are called upon to make journeys between towns on business missions. These distinctions are recognized and the rule correctly stated in an opinion of the Michigan Industrial Accident Board, filed in *Worden v. Commonwealth Power Co.*, 20 Det. Leg. News, No. 39 (December 27, 1913) as follows: 'It must also appear that the injury arose out of the employment and was a risk reasonably incident to such employment, as distinguished from risks to which the general public is exposed. To illustrate  *  *  *  it might be fairly said that one of the most common risks to which the general public is exposed is that of slipping and falling upon ice. This risk is encountered by people generally, irrespective of employment.  *  *  *  This unfortunate accident resulted from a risk common to all, and which arose from no special exposure to dangers of the road from travel and traffic upon it; it was not a hazard peculiarly incidental to or connected with deceased's employment, and therefore is not shown to have a causal connection with it, or to have arisen out of it."

By the great weight of authority it appears, in the absence of special circumstances bringing the accident within the scope of the employment, that no compensation is recoverable by a workman who is injured while on his way to or from his work. Note, L. R. A. 1916A, 331. In *De Constantin v. Public Service Commission*, 75 W. Va. 32, 83 S. E. 88, L. R. A. 1916A, 329, the rule is laid down as follows:

"If the place at which the injury occurred is brought within the contract of employment, by the requirement of its use by the employe, so that he has no discretion or choice as to his mode or manner of coming to work, such place and its use seem logically to become elements or factors in the employment, and the injury thus arises out of the employment and is incurred in the course thereof. But, on the contrary, if the employe, at the time of the injury, has gone beyond the premises of the employer, or

has not reached them, and chosen his own place or mode of travel, the injury does not arise out of his employment, nor is it within the scope thereof."

From the undisputed facts in this case it is plain that claimant was not in any sense obliged to work at his home at any time, or at all. As matter of fact he was not working anywhere when the accident occurred, but was on his way to his employer's shop to begin work. Upon principle and authority it must be held that a repairer of musical instruments who slips on the ice and is injured while going to his work, cannot be held to be injured in the course of his employment, nor does the injury arise out of his contract of employment. Upon facts like these here disclosed or analogous to them, no case can be found where the Workmen's Compensation Act has been held to apply.

The judgment is therefore reversed, and the cause remanded with directions to affirm the conclusions and judgment of the Industrial Commission.