(No. 13611.—Judgment affirmed.)

THE WESTERN COAL AND MINING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(LIUGA SERGI, Admx. Defendant in Error.)

*Opinion filed February 15, 1921.*

1. WORKMEN'S COMPENSATION—*when death of miner on tracks of railroad company arises out of and in course of his employment.* The death of a miner who is run over by a train while on the premises of his employer arises out of and in the course of his employment, where the circumstances reasonably show that he was on his way to work or to the wash-house to change his clothes before going to work, and where the accident occurred on a track of the railroad company which the employees of the mine were accustomed to use in going to their work.

2. EVIDENCE—*direct proof of marriage is not required in civil actions.* In civil actions, except the action for criminal conversation, record or direct evidence of marriage is not required but marriage may be shown by reputation, the testimony of witnesses or by circumstances.

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. D. T. HARTWELL, Judge, presiding.

WHITNEL & WHITNEL, and EDGAR P. HOLLY, for plaintiff in error.

GEORGE R. STONE, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Industrial Commission made an award of $4000, payable in weekly installments, as compensation for the accidental death of Frank Sergi, against his employer, the Western Coal and Mining Company. The circuit court of Williamson county confirmed the award, and on petition of the employer a writ of error was awarded to review the judgment of the circuit court.

The death was caused by a train of the Missouri Pacific Railroad Company in the switch yards of the plaintiff in error, and plaintiff in error claims it is not liable because the accident was not one occurring in the course of or arising out of the employment of the deceased. The railroad company maintained four tracks on the premises of the mining company. The plaintiff in error's hoisting shaft is about two miles north of the village of Bush, and the tracks, which run south on the east side of the shaft and are on the plaintiff in error's premises, connect the mine with the village of Bush. A passenger train leaving Bush at 6:20 every morning when the mine is in operation and arriving at the mine about 6:45, when the miners begin going down into the mine, was operated by the railroad company for the transportation of the miners from Bush. The fare was ten cents and any person could use the train upon payment of the fare. The miners from Bush sometimes used the train and sometimes walked to the mine on the railroad track, though there was a highway on the east side of the railroad. The track was the shortest, driest and best walking. Sergi, the deceased, was a loader in the mine and lived about a mile and a half south and 250 or 300 yards east of the shaft. Sometimes he rode to his work on the train and sometimes he walked. When he walked he usually walked on the railroad track. On March 19, 1919, the train ran as usual and Sergi was run over and killed by it at 6:45 in the morning, at the place where the train was

accustomed to stop to discharge its passengers, about 685 feet south of the shaft. The evidence does not disclose how he arrived at that place. The train consisted of two cars pulled by an engine, which was running backward. Sergi was found under the middle of the car next to the engine, with his right hand and left leg cut off, and died immediately. He was dressed in his ordinary clothes,—not those which he wore into the mine,—and had his dinner bucket and a pick-head,—an instrument used in mining coal,— with him. The wash-house where the men change their clothes before going into the mine was about 300 yards from the place of the accident and between it and the shaft.

It is fairly to be inferred from the evidence that the deceased was on his way to his work. In *Fairbank Co.* v. *Industrial Com.* 285 Ill. 11, it is said that an injury occurs in the course of employment when it occurs during the period of employment at a place where the employee may reasonably be and while he is fulfilling the duties of his employment, doing something incidental to it, and that the question whether the employee in going to and returning from his place of employment is in the line of his employment depends upon the particular circumstances of each case. The going to work was necessarily incident to the deceased's contract of employment and was necessary to its performance. He had arrived on the premises of his employer and was engaged in the course of his employment in going toward the wash-house preparatory to entering the mine. There is reason to suppose that the accident by which he lost his life was a risk growing out of the nature of his employment. The premises of the employer where the deceased had to pass in going to his work were occupied by railroad tracks on which trains of cars were operated. The causal connection between this condition and the resulting injury is apparent. The deceased might reasonably be crossing the track or walking along it going to the wash-house to change his clothes before

going to work, and in so doing might reasonably be regarded as doing something incidental to his employment. He was not compelled to use this track to get to the washhouse, but he with all the other men was permitted to use it, and the railroad tracks had apparently long been used habitually for walking to and from the mine,—in fact from the commencement of its operation. In an action at common law such use of the tracks might have constituted contributory negligence, but contributory negligence is not a bar to an award under the Workmen's Compensation act.

The cases of *Schweiss* v. *Industrial Com.* 292 Ill. 90, and *Wabash Railway Co.* v. *Industrial Com.* 294 id. 119, sustain the finding that the accident occurred in the course of and arose out of the employment of the deceased. In the latter case it is said that if an employee is accidentally injured on the premises of his employer in going from his work, leaving within a reasonable time and following the customary or permitted route off the premises, the accident would be held to arise out of the employment. The same rule applies, of course, to an employee going to his work, for going to work is an incident as necessary to employment as quitting.

The plaintiff in error contends that there was no legal or competent evidence of the marriage of the deceased to the claimant. She testified that she and the deceased were married in Wyoming ten or eleven years ago and had lived together ever since as husband and wife, having five children born to them. There was a marriage license and she got a certificate, but it was blown away in the cyclone at Bush in 1912. There was no evidence to the contrary. In civil actions, except the action for criminal conversation, record or direct evidence of marriage is not required but marriage may be shown by reputation, the testimony of witnesses or by circumstances. *Lowry* v. *Coster,* 91 Ill. 182; *Conant* v. *Griffin,* 48 id. 410.                    *Judgment affirmed.*