In the Matter of the Claim of HENRY L. HALL, Respondent, against NELL BROTHERS AND KERN and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of FRANCES DINGFELDT, Respondent, against ALBEE GODFREY WHALE CREEK COMPANY, INC., and STATE INSURANCE FUND, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of DOMINICK WILLIAMS, Respondent, against HARRISON & MEYER, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of NATHAN FIRTLE, Respondent, against ISIDORE KAPLIN, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent. — Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of PATRICK DODD, Respondent, against THE GREAT ATLANTIC AND PACIFIC TEA COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the employer and insurance carrier from the decision of the State Industrial Board. The claimant was employed by the Great Atlantic and Pacific Tea Company as a store manager. There is no question raised as to either the disability claimed, the period of such disability, or the amount of the award. As an employee he was a member of the employer's benefit system in good standing and paid seventy-five cents a month which entitled him to ten dollars per week in case of disability; to this amount the company added thirty dollars a week, so that he was paid forty dollars a week by the company during his disability. This was paid to all employees belonging to the association in good standing who were sick without regard to whether they had suffered an industrial accident or not. The claimant filed a claim for compensation and two awards were made, a check for fifty dollars covering two weeks and a check for two hundred and fifty dollars covering ten weeks. The check for fifty dollars was sent to the claimant who cashed it, the check for two hundred and fifty dollars was sent to the employer who induced the claimant to indorse it to them. They also required the claimant to return to them the fifty dollars, representing the check which he had cashed, so that the claimant received none of the compensation which had been awarded to him; the employer received it all. The employer never made any claim under section 25 of the Workmen's Compensation Law for advance payment of compensation or for sums paid as wages. The employer having failed to file a demand for reimbursement as provided in section 25 was not entitled to reimbursement. Decision and award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.