No. 13,947.

State Compensation Insurance Fund et al. *v.*
Industrial Commission et al.
(... P. [2d] ...)

Decided June 8, 1936.

Mr. Harold Clark Thompson, for plaintiffs in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. LOUIS SCHIFF, Assistant, Mr. LEO J. CROWLEY, for defendants in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THIS is a workmen's compensation case and the sole question is, Did the accident arise out of and in the course of deceased's employment?

The State Compensation Insurance Fund is hereinafter referred to as the fund, W. A. Ellis, Inc., as the company, the Industrial Commission of Colorado as the commission, the other defendants in error as claimants, and Ira Nerim, deceased, as Nerim.

The company, which carried its industrial insurance with the fund, operated a mine near Alma, Colorado. Deceased was there employed by it and he and some of his companions were sleeping in its bunkhouse. During the night this building caught fire and therein Nerim incurred the burns which caused his death. Claim was made for compensation under the act and allowed by the referee and the commission. To review that award this action was instituted in the district court, whose judgment affirmed it. To review that judgment this writ is prosecuted. It is said in the brief of plaintiffs in error that the exact question here involved has not been decided in this jurisdiction and that other cases growing out of the same accident await the decision of this.

The general rule is admittedly stated in 71 C. J., p. 695, §437. The particular fact which it is contended excludes this case from its operation is that while deceased was obliged, as a condition of his employment to sleep in the bunkhouse, board and room there were not *furnished* by the company, but he was charged $1.25 per day therefor.

The commission found, and it is undisputed, that

deceased and his companions were obliged to room and board at the bunkhouse as a condition of their employment. This was not only a company regulation, but a matter of stern necessity enforced by the location of the company's mine and the total absence of other available accommodations. The rule above cited states that "the test is whether or not the workman is given a choice in the matter." Nerim had none. Other authorities stating the rule, or whose reasoning supports the conclusions of the commission and the court, are: *Holt Lumber Co. v. Industrial Com.*, 168 Wis. 381, 170 N. W. 366; *Landeen v. Toole County Refining Co.*, 85 Mont. 41, 277 Pac. 615; *Ocean Accident & Guarantee Corp. v. Pallero*, 66 Colo. 190, 180 Pac. 95.

The judgment is affirmed.

MR. JUSTICE HILLIARD not participating.