## No. 14,881.

### INDUSTRIAL COMMISSION ET AL. *v.* ROCKY MOUNTAIN FUEL COMPANY ET AL.

(110 P. [2d] 654)

Decided February 10, 1941.

Mr. BYRON G. ROGERS, Attorney General, Mr. FRANK A. BRUNO, Assistant, Mr. DEAN JOHNSON, Assistant, Mr. MAHLON L. HARKER, Assistant, for plaintiffs in error.

Messrs. HAWKINS & HAWKINS, for defendants in error.

*In Department.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

THIS is a proceeding under the Workmen's Compensation Act, in which the district court set aside an award of the Industrial Commission in favor of Harry Noble, plaintiff in error, to whom we hereinafter refer as claimant, and entered judgment in favor of The Rocky Mountain Fuel Company, defendant in error, hereinafter designated as employer. Claimant is here on writ of error to review this judgment.

The referee's findings, adopted by the commission, are as follows:

"The question presented is whether or not this injury arose out of and in the course of claimant's employment. Claimant had completed his day's work, and had gone to the bath house preparatory to cleaning up, changing into his street clothes and returning to his home. The accident was occasioned by claimant stepping on a piece of soap and falling to the concrete floor. The bath house is maintained by respondent employer on its own premises, and all employees using this facility are charged $1.00 per month except during the summer months when the charge is reduced to 50c per month. This bath house is maintained by the company by agreement with the United Mine Workers of America to do so. However, the bath house was maintained by the company prior to any agreement with the United Mine Workers.

"The Referee finds from the evidence, that based upon the theory that the employee has the right of safe egress and safe ingress, claimant's injury arose out of and in the course of his employment, and he is entitled to compensation benefits * * *."

The agreement concerning the bathhouse mentioned in the findings is as follows: "Section 23. The producer agrees to equip a bathhouse at each mine not now so equipped, as soon as possible after receipt of written request signed by a majority of employees at such mine or mines. All employees using such bathhouse agree to bear a portion of the expense connected with said bath-

house, which in no case is to exceed $1.00 per month per man, excepting that during the months of May, June, July and August, the charge shall not exceed 50c per month per man; provided, however, that there shall be no charge for bathhouse, unless the employee has worked more than five days in any one of the four months named. Where bathhouses are in operation or where same are installed in the future, the producer agrees to maintain same in a sanitary condition. Buildings are to be heated, and warm and cold water furnished."

Claimant contends that the only question involved is "whether or not the injury to the claimant, Harry Noble, was proximately caused by an accident arising out of and in the course of his employment," which, he argues, should be answered in the affirmative. If this were the only question, the authorities cited support his position. 1 Honnold on Workmen's Compensation, §108; *Terlecki v. Strauss,* 85 N.J. Law, 454, 89 Atl. 1023; *Tennessee Chemical Co. v. Smith,* 145 Tenn. 532, 238 S.W. 97; *Hollenbach Co. v. Hollenbach,* 181 Ky. 262, 204 S.W. 152; *In re Ayers,* 66 Ind. App. 458, 118 N.E. 386. Counsel for employer, however, here urge, as they did before the commission and the district court, that section 294(b), chapter 97, '35 C.S.A., reading as follows: "Where, at the time of the accident, the employee is performing service arising out of and in the course of his employment" is, under the facts, also involved in a determination of claimant's right to compensation. Assuming that the injury was proximately caused by an accident arising out of and in the course of his employment, Was claimant *"at the time of the accident"* performing services within the meaning of the act? That this is a necessary factor which must be present before the right to compensation accrues cannot be questioned. *Industrial Commission v. Anderson,* 69 Colo. 147, 149, 169 Pac. 135. Whether it is present depends upon the facts and cir-

cumstances of each case. In the instant case claimant testified as follows:

"Q. Now, on the day you were injured, Mr. Noble, which I believe was December 16th, 1939—A. That is right.

Q. —at about 3:30 in the afternoon. Is that correct? A. Yes.

Q. Approximately. A. Around that time.

Q. What time had you quit work. A. About 10 minutes after three.

Q. You had finished all the duties you owed The Rocky Mountain Fuel Company unless they called you for additional work? Is that right? A. Yes.

Q. You were at liberty to go home at that time without going in the bathhouse if you so desired, were you not? A. Well, I imagine I was.

Q. I mean, it was immaterial to the company whether or not you went to the bathhouse? A. I imagine—I think that is right.

Q. But you did go in and I assume took a shower or a bath? A. That is right.

Q. And when you were going somewhat from the shower room into the dressing room— A. Yes.

Q. —you stepped on a piece of soap? A. Yes.

Q. You slipped on a piece of soap? A. Yes.

Q. You don't know who left that soap there, do you? A. No, I don't.

Q. And you fell and struck your head on the concrete floor? Is that right? A. That is right."

■ It is clear that "at the time of the accident" claimant's employment in the service of the company for that day had ended. At that time he was not performing any service for employer; he was not doing what he expressly or impliedly was directed to do. *Security State Bank v. Propst,* 99 Colo. 67, 59 P. (2d) 798. It was optional with him to bathe on the premises and in the building provided by employer or to return to his home for that purpose. 71 C.J., pp. 695, 721; *State*

*Fund v. Industrial Commission,* 98 Colo. 563, 58 P. (2d) 759. If the accident had occurred while claimant was changing his clothes at the locker, or if he had not ceased his employment for the day, and was required to return to his work after visiting the bathhouse, a different question would be presented. There is no evidence that the taking of a bath at the bathhouse was part of a reasonably necessary preparation by the employee before leaving for his home; there was evidence that the bathing facilities were a convenience to claimant, for which he made some payment to his employer; but there is no evidence in the record before us of facts involving incidental acts necessary to be performed by claimant "while at work," to promote his health and comfort. *Warner Construction Co. v. Watkins,* 107 Colo. 88, 108 P. (2d) 883. A case in which the facts are somewhat similar to those in the instant proceeding, and involving a determination of what constitutes performance of services within the meaning of compensation acts, is *Associated Employers' Reciprocal v. Simmons* (Tex. Civ. App.), 273 S.W. 686, which supports the contention of employer. The trial court correctly applied the pertinent law to the facts as they appear in the record.

The judgment is affirmed.

MR. CHIEF JUSTICE FRANCIS E. BOUCK, MR. JUSTICE BAKKE and MR. JUSTICE HILLIARD concur.