No. 15,082.

HAYDEN COAL COMPANY ET AL. *v.* COTHRAN ET AL.

(123 P. [2d] 1022)

Decided March 9, 1942.   Rehearing denied March 30, 1942.

Messrs. HAWKINS & HAWKINS, for plaintiffs in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-RENCE HINKLEY, Deputy, Mr. MORRY M. STERLING, Assistant, for defendant in error Industrial Commission.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS is a workmen's compensation case. Defendant in error Cothran, to whom we hereinafter refer as claimant, applied for compensation for injuries to his left eye

caused by a cinder which lodged therein and which came from a locomotive operated by the Hayden Coal Company while he was on the company's premises. The referee who heard the claim denied compensation, but the commission awarded it and the award was affirmed by the trial court. Plaintiffs in error, hereinafter for convenience designated as the company, seek reversal.

Claimant received the injury at three o'clock p.m., January 31, 1941. He was a coal miner employed by the company, and on the day of the injury had completed his work in the mine, and then proceeded to the lamp house to leave his lamp, a duty required by the company. There he set his dinner pail down outside a few feet from the door, entered the house and placed his lamp upon the rack, after which he came out and just as he was in the act of picking up his pail a cinder from the locomotive lodged in his eye. The record also shows that after returning his lamp to the lamp house, he intended to go to the bath house to take a bath.

It is the contention of counsel for the company that the judgment should be reversed because: "(1) For the award to stand there must be a finding by the commission that at the time of claimant's accident, he was performing service arising out of and in the course of his employment, and there is no such finding by the commission. (2) The evidence fails to show that at the time of claimant's accident he was performing service arising out of and in the course of his employment, and the award of the commission is therefore without and in excess of its powers."

It is proper that these grounds for reversal be stated in the language quoted in order to bring the case within the holding of *Industrial Commission v. Rocky Mt. Fuel Co.,* 107 Colo. 226, 110 P. (2d) 654, in which case we said: "Assuming that the injury was proximately caused by an accident arising out of and in the course of his employment, Was claimant *'at the time of the accident'* performing services within the meaning of the act?

* * *." This interrogatory we answered in the negative. Commission's finding on this point in the case at bar is, in part, as follows: "The commission finds that at the time of the accident claimant was on the premises of the company and being entitled to safe ingress and egress to and from said premises, sustained an accident arising out of and in the course of his employment, and that therefore at the time he was struck in the eye by a cinder he was still within the scope and course of his employment. His accident therefore arose out of and was in the course of his employment."

█ 1. Technically, this finding might be questioned if measured by the rule above quoted, but the rule was qualified by the following language: "Whether it is present depends upon the facts and circumstances of each case." *Industrial Commission v. Rocky Mt. Fuel Co., supra.* This contemplates the sufficiency of the evidence to sustain the award, because a reasonable interpretation of the language used by the commission would be that claimant was, at the time of the accident, "performing services within the meaning of the act." *Industrial Commission v. Rocky Mt. Fuel Co., supra.*

█ In the instant case we have at the outset the following admission of the company: "It is perfectly apparent that Mr. Cothran was performing part of his duties in returning his lamp check." This admission supplies whatever deficiency there may be in the quoted finding of the commission, because the words, "at the time of the accident," cannot be broken down into split seconds. If he performed a duty by going into the lamp house, by the same token he was completing the performance of that duty by coming out.

2. Contrary to counsel's contention that the evidence fails to show that claimant was performing service arising out of and in the course of his employment at the time, we think the evidence does so show. It must be conceded that claimant could not have been on his way to the bath house until he had picked up his lunch

bucket, and he was entitled to safe egress from the building and progress to the point where he had left the pail.

A case from this jurisdiction called to our attention and most nearly analogous to the one at bar is *Security State Bank v. Propst,* 99 Colo. 67, 59 P. (2d) 798, where, in approving the finding of the Industrial Commission, we said: "Apparently he was in the act of putting away his gun, an act which was performed at the end of the journey, and which might as well have been performed in the front of the post-office as well as in front of the bank building." (In the present case, as has already been noted, the injury was suffered on the company's premises.) In regard to that finding, we said: "We think this finding is supported by reasonable inferences drawn from the record."

In the instant case, the commission undoubtedly inferred — although no specific finding is made on the point—that claimant was—to paraphrase the language above quoted from the Propst case, supra—apparently in the act of picking up his lunch pail, an act which was performed at the close of his day's employment, and which might as well have happened in the lamp house, etc. As before indicated, we think that any deficiency existing in the commission's finding is supplied by the company's admission.

The case nearest in point to the present one that we have found is *Skuaskai v. Philadelphia & Reading Coal & I. Co.,* 104 Pa. Super. Ct. 25, 159 Atl. 47. There a coal miner who, having reported to the lamp shanty, went to the wash house and was proceeding to his work when he was struck by a railway engine on the company's premises. He was allowed compensation. See, also, *Big Elkhorn Coal Co. v. Burke,* 206 Ky. 489, 267 S.W. 142, and *Western Coal & Min. Co. v. Industrial Commission,* 296 Ill. 408, 129 N.E. 779.

We agree with the distinction made by the trial court

— as recited in its judgment — between this and the Rocky Mt. Fuel Co. case, supra.

Judgment affirmed.

MR. CHIEF JUSTICE YOUNG, MR. JUSTICE BOCK and MR. JUSTICE HILLIARD concur.