In the Matter of the Claim of WALTER HOFFMAN against NEW
YORK CENTRAL RAILROAD COMPANY, Respondent.
STATE INDUSTRIAL BOARD, Appellant.

Argued March 5, 1943; decided April 15, 1943.

*Nathaniel L. Goldstein*, Attorney-General (*Roy Wiedersum*
and *Orrin G. Judd* of counsel), for appellant.

*Robert E. Whalen* and *Charles E. Nichols* for respondent.

CONWAY, J. Claimant was employed by the New York Central Railroad Company for about twenty years. On March 21, 1940, he was a boiler maker helper and worked in Shop C of the West Albany shop of the railroad. He was on his way to work between Shop C and Shop D and was walking on a concrete path which the employees used on the employer's premises. Claimant testified that there was ice on the walk and that he fell. A question of fact was presented as to whether or not claimant sustained an accidental injury arising out of his employment so as to entitle him to compensation. It was conceded that his injury was sustained in the course of his employment. There is a presumption that the claim comes within the provisions of the Workmen's Compensation Law and the decision of the State Industrial Board is final as to all questions of fact. (Workmen's Compensation Law, §§ 21, 20; *Matter of Daus* v. *Gunderman*

*& Sons, Inc.,* 283 N. Y. 459, 466.)   The frankness of the claimant in testifying that he did not know the cause of his fall, does not, without more, necessarily overcome the presumption that his claim comes within the statute. The question of fact was resolved by the Industrial Board in the claimant's favor.   The award should have been sustained.   (*Matter of Unger* v. *New York Sportwear Co.,* 268 N. Y. 651; *Matter of Kefford* v. *Federal Reserve Bank,* 246 App. Div. 660, motion for leave to appeal denied, 270 N. Y. 675.)

The order of the Appellate Division should be reversed and the award of the State Industrial Board reinstated with costs in this court and in the Appellate Division.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and DESMOND, JJ., concur.

Ordered accordingly.