## No. 15,527.

INDUSTRIAL COMMISSION ET AL. *v.* HAYDEN COAL COMPANY ET AL.

(155 P. [2d] 158)

Decided December 18, 1944. Rehearing denied January 8, 1945.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, BARBARA LEE, Assistant, for plaintiffs in error.

Messrs. HAWKINS & HAWKINS, for defendants in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS is an industrial commission case in which the commission, and Harold T. Williams to whom we here-

inafter refer as claimant, seeks review of a judgment of the court below denying compensation to claimant for injuries allegedly received while working as an employee of the Hayden Coal Company, one of the defendants in error. The referee by formal award allowed compensation, which was approved by the commission, but in proceedings in the district court, the award for compensation was vacated, and the Industrial Commission directed to enter an order denying the claim.

The facts as found by the referee, concerning which there is no dispute, are as follows: "That claimant, on the morning of the accident [May 12, 1943], reached his employer's premises about 6:35 a.m., and went into the company's wash house to change his clothes. The wash house is on the company's premises, about 250 feet from the check house. Claimant pays company $1.00 a month for the use of this wash house. Among his duties on the day in question was to see that track was in order, inspect the premises, and receive instructions from the superintendent between 6:30 and 7:00 o'clock in the morning. His pay commences at 7:30 a. m., when he has taken his place in the mine. A warning whistle blows about 6:45 a.m. and again at 7:00 a.m. It was necessary that he get his check [i.e. he had to check in] before he went into the mine and after getting his check it took about thirty minutes or more to reach his station. Just as claimant was leaving the wash house the warning whistle blew and he hurried to the check house. On his way his foot slipped, he stumbled [on a tie along the pit car track] and fell to the ground. The corner of his lunch box struck him in his sternum and broke it. He had not talked with the superintendent prior to his injury. He claims no permanent disability."

The question presented is, Was the injury "proximately caused by accident arising out of and in the course of his employment"? '35 C.S.A., c. 97, art. 7, §294. We think the answer will be found in a deter-

mination of the question whether or not the circumstances in this case are similar to, and the decision controlled by, the case of *Industrial Commission v. Rocky Mountain Fuel Co.,* 107 Colo. 226, 110 P. (2d) 654, in which we held that an employee who had slipped on a piece of soap and fallen to the concrete floor of the bathhouse maintained by the employer which charged employees a dollar a month for the privilege of using it, was not entitled to compensation, because "It is clear that 'at the time of the accident' claimant's employment in the service of the company for that day had ended. At that time he was not performing any service for employer; he was not doing what he expressly or impliedly was directed to do. * * * It was optional with him to bathe on the premises and in the building provided by employer or to return to his home for that purpose. * * * " Regarding this case, counsel for the employer state: "Diligent search has failed to reveal any authorities other than *Industrial Commission v. Rocky Mountain Fuel Co., supra,* which are of value." However, counsel seems to have overlooked the following statement in the opinion announced in that case: "If the accident had occurred while claimant was changing his clothes at the locker, or if he had not ceased his employment for the day, and was required to return to his work after visiting the bathhouse, a different question would be presented."

It will be noted from the language just quoted that if the element of the employee's volition in what he was doing was present, a different question would be presented. This seems to be the theory upon which all of our cases of this type have been decided.

 The first important case involving what is ordinarily designated as the "going and coming" rule (71 C.J. 712) in this state was *Industrial Commission v. Anderson,* 69 Colo. 147, 169 Pac. 135, wherein we quoted with approval the rule as set forth in *De Constantin v. Public Service Commission,* 75 W. Va. 32, 83 S.E. 88. It

reads as follows: "If the place at which the injury occurred is brought within the contract of employment, by the requirement of its use by the employe, so that he has no discretion or choice as to his mode or manner of coming to work, such place and its use seem logically to become elements or factors in the employment, and the injury thus arises out of the employment and is incurred in the course thereof. But, on the contrary, if the employe, at the time of the injury, has gone beyond the premises of the employer, or has not reached them, and chosen his own place or mode of travel, the injury does not arise out of his employment, nor is it within the scope thereof." The rule was iterated in *Comstock v. Bivens,* 78 Colo. 107, 239 Pac. 869. In the Bivins case, the employee was, inferentially, "preparing to store, or was engaged in storing, his automobile for the night at the time the accident occurred," and the court likened him unto "a carpenter, who quits work at the end of the day on a house which he is building, goes across a street or to some other nearby place to store his tools for the night." The court found that the employee was going from his work, and compensation was allowed.

Then in *State Compensation Ins. Fund v. Industrial Commission,* 98 Colo. 563, 58 P. (2d) 759, compensation was allowed even though employee was not working at the time, but was compelled to sleep in quarters furnished by the employer, the test applied being "whether or not the workman is given a choice in the matter."

The next case involving the "going and coming" rule was *Security State Bank v. Propst,* 99 Colo. 67, 59 P. (2d) 798, in which compensation was allowed where the bank's employee was injured while on his way to work, on the theory that he was doing what he was impliedly directed to do. In this case we quoted from, and relied upon, the Bivins case, supra. That the same test was used in the Rocky Mountain Fuel Company case, supra, is apparent from the quoted matter therein.

Applying the test to the case at bar, we think it is

fair to say that when the employee had arrived on the premises of his employer and "was hurrying down the pit car track" to the check room to get his mine check and lamp, in direct and immediate response to the employer's warning whistle, that he no longer had any choice in the matter. It required forty minutes for him to reach his place in the mine, and it was in the employer's interest that he get to his work on time. We think this constitutes performing service within the meaning of the act.

In *Hayden Coal Co. v. Cothran*, 109 Colo. 203, 123 P. (2d) 1022, compensation was allowed where the employee was injured while returning his lamp check.

In another recent case, *Pacific Employers Ins. Co. v. Kirkpatrick*, 111 Colo. 470, 143 P. (2d) 267, it again was held that an employee injured on his way to the lamp house while quitting work was entitled to compensation. In that case it still was ten minutes before his time was up, but in view of the fact that as much as thirty-five minutes had been allowed as a margin in arrival or departure from the premises (71 C.J. 714, 715) claimant is not precluded by the time element.

██ There is no merit in the contention that claimant's fall was not the proximate cause of his injuries. Falls are frequently held to be accidents within the meaning of workmen's compensation acts. 71 C.J. 628, §378. The principal case upon which counsel rely in connection with this point is *Hoffman v. New York Central R. R. Co.*, 36 N.Y. Supp. (2d) 462, 264 App. Div. 472, but the judgment therein was reversed by the Court of Appeals, 290 N.Y. 277, 49 N.E. (2d) 136.

We think the trial court was in error in vacating the order awarding compensation, and entering its order directing the commission to deny the claim.

The judgment is reversed and the cause remanded with instructions to reinstate the award.

Mr. Justice Jackson dissents.

MR. JUSTICE JACKSON dissenting.

I dissent because I believe the Colorado cases cited and quoted in the court's opinion as authority for its position do not in fact support that position. The effect of the court's opinion in this case is to widen the coverage of the workmen's compensation act. Whether the act should be so extended is a question which in my judgment should be squarely faced and decided on its merits instead of basing the decision on inapplicable cases. The latter procedure leaves the law in a hodgepodge. To take one instance, no one would even surmise from a reading of the court's opinion, that *Industrial Commission v. Anderson,* cited in the majority opinion, with its very carefully considered opinion by Mr. Justice Denison, denied recovery to an employee who was injured while on his way to work. If the court's opinion is to become final, I believe this case should be definitely overruled or distinguished, and not allowed to be cited in support of what it actually does not support.