In the Matter of the Claim of IRVING BALSOM, Respondent, against AMERICAN BISCUIT Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from an award of disability compensation made pursuant to the provisions of the Workmen's Compensation Law. Claimant was injured during the course of his employment. Appellants assert however that he is barred by an election to bring a third party action and by his failure to prosecute the case. The evidence does not support this assertion. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Hill, P. J., Heffernan, Brewster, Foster and Russell, JJ.

In the Matter of the Claim of RUTH ROSS, Respondent, against SUNRISE FOOD EXCHANGE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by the employer and insurance carrier from an award made by the Workmen's Compensation Board to claimant for twelve and two-thirds weeks' disability at the rate of $25 per week. The evidence reveals that the claimant's regular hours of employment were from 9:00 A.M. to 12:00 noon, and from 1:00 P.M. to 6:00 P.M. About five o'clock on the afternoon of September 3, 1946, the manager of the employer told the claimant to "hurry home" so as to eat supper, and "hurry right back" for the purpose of taking a stock inventory. It appears that compliance with the order of the manager was to take place during the working hours of the claimant. Claimant on arriving at her home and alighting from her car stubbed her toe and missed a step going into the house and sustained accidental injuries in the nature of a comminuted fracture of the lower third of the left humerus. The board found that the injuries sustained by claimant were accidental and arose out of and in the course of her employment. From the facts it appears that the claimant was under the compulsion of the employer. The evidence sustains the finding of the board. Award unanimously affirmed, with one bill of costs to be divided equally between the Workmen's Compensation Board and claimant-respondent, with disbursements to each. Present — Hill, P. J., Heffernan, Brewster, Foster and Russell, JJ.

In the Matter of the Claim of SHIRLEY SKOLNICK, Respondent, against ELGIN CHAIR, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from an award. Respondent was an employee generally engaged in office work. On the day of the injury she was enroute from her home to the office. She had checks belonging to her employer and a deposit slip which she was to deposit at a bank before going to the office. She slipped before deviating from the route to the bank and received an injury. She was injured in the line of her employment. (*Matter of Kristianson* v. *Lehman*, 261 App. Div. 1023, affd. 287 N. Y. 569.) Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Hill, P. J., Heffernan, Brewster, Foster and Russell, JJ.