Deyo, J.
This is an appeal by the employer and carrier from an award of compensation. Claimant suffered injuries when he slipped and fell on some ice in a public street near his home. There was evidence from which the board could find that claimant’s duties "included making calls outside the plant "where he worked and that he was on his way to make such a call when the accident occurred. Under such circumstances it is imma *195 fcerial that he was following the same route which he customarily followed from his home to his place of employment and that he had not deviated therefrom in order to make the intended call. (Matter of Kristianson v. Lehman, 287 N. Y. 569; Matter of Skolnick v. Elgin Chair, Inc., 273 App. Div. 833.) Earlier decisions to the contrary (Matter of Marks v. Gray, 251 N. Y. 90; Matter of Bennett v. Marine Works, Inc., 273 N. Y. 429, 432) are no longer the law. The fact that claimant received full wages during his disability and that the employer has not asked for reimbursement is of no moment. Although the earlier cases forbade any award under such circumstances on the theory that the Workmen’s Compensation Law was not intended as a Source of profit to the employee (Matter of Sullivan v. Seely Son, Inc., 226 App. Div. 629, affd. 252 N. Y. 621), the statute has now been amended to permit such a result. (Workmen’s Compensation Law, § 25, as amd. by L. 1930, ch. 316, § 3; Matter of Wrubel v. Surprise Press, 277 App. Div. 192, decided herewith.) The right to compensation under such circumstances has been recognized by the more recent decisions. (Matter of Poveromo v. Taylor, 275 App. Div. 518, affd. 301 N. Y. 513; Matter of Dodd v. Great Atlantic & Pacific Tea Co., 247 App. Div. 831.)
The award should be affirmed, with costs to the Workmen’s Compensation Board.
Foster, P. J., Brewster, Bergan and Coon, JJ., concur.
Award affirmed, with costs to the Workmen’s Compensation Board. [See post, p. 953.]