■ In the Matter of the Claim of EVELYN I. RAPP, Respondent, v. FURNITURE EXPRESS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its insurance carrier from a decision of the Workmen's Compensation Board awarding death benefits to a widow and minor children of the deceased. Decedent was the office manager and traffic dispatcher of his employer, a corporation engaged in the transporta- tion of furniture, at its Jamestown, New York, terminal. On Saturday, July 18, 1959, he left his home at about 8:00 A.M. in his own motor vehicle, to go to his work, stopped at the post-office box of his employer to procure its mail as was his custom, proceeded a short distance to the office of another trucking concern to inquire concerning the whereabouts of a shipment of furniture which the employer was expecting and continued in the direction of his place of employment. About 350 yards from his destination the vehicle suddenly swerved from its appropriate lane, traversed two abutting ones and struck the corner of a bridge causing traumatic injuries which resulted in his death on the same day. Although a motorist approaching from the opposite direction observed from a distance of about 400 feet the course of decedent's automobile and its impact with the bridge, he was unable to see its driver or to note his physical condition before the accident. Deceased had a congenital angioma in the right temporal area of the brain whose symptoms occasionally were manifested during the four-year period preceding his death by momentary spells of unconsciousness. During the same interval he received sporadic medical treatment for the condition. The board found that deceased sustained fatal accidental injuries in the course of his employment, applied the pre-

sumption provided by section 21 of the Workmen's Compensation Law and found the evidence of appellants insufficient to overcome it. That deceased at the time of the accident was within the time and space limits of employment is clear (*Matter of Kristianson* v. *Lehman,* 261 App. Div. 1023, affd. 287 N. Y. 569; *Matter of Skolnick* v. *Elgin Chair,* 273 App. Div. 833); appellants principally urge that his death did not arise out of it. They argue that the medical evidence and the physical circumstances surrounding the accident conclusively demonstrate than an angiomatous attack conceded to have been in no way connected with or induced by his work caused a loss of control of the vehicle with the fatal consequence. The cause of the accident was unexplained; there was no objective evidence that at the time of its occurrence deceased was suffering a paroxysm. We cannot say as a matter of law that the board was bound to accept as substantial evidence overcoming the presumption medical opinions of causation based upon the premise that deceased had experienced occasional recurrences of the symptoms of the disease or to draw the inexorable inference that the circumstances of the accident precluded any explanation other than the hypothesis adopted by the expert witnesses. (*Matter of Hoffman* v. *New York Cent. R. R. Co.,* 290 N. Y. 277; *Matter of Weisel* v. *National Transp. Co.,* 14 A D 2d 621, motion for leave to appeal denied 10 N Y 2d 708; *Matter of Kurash* v. *Franklin Stores Corp.,* 12 A D 2d 368, motion for leave to appeal denied 9 N Y 2d 612; *Matter of Borey* v. *Rochester State Hosp.,* 6 A D 2d 934, motion for leave to appeal denied 5 N Y 2d 705; *Matter of Rice* v. *Hamilton Hardware,* 284 App. Div. 1074.) Since the board has determined that the presumption was not destroyed, we need not consider the further predicate for its decision that the obligations of deceased's employment had placed him in a special zone of danger which added to its risks and contributed to the fatal result. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.